NELLIE E. FISHER ET AL., RESPONDENTS, v. HAR-
RIET S. EMERSON, APPELLANT.

INJUNCTION— FINDINGS OF COURT – CLERK'S FILING FEES — NEW
TRIAL.

1. Plaintiff brought an action to enjoin defendant from construct-
ing a fence upon an alleged right of way.   An order to show
cause was made, returnable July 7, 1896.   The cause came on
regularly for hearing, a trial was had upon the evidence, and
the cause, on complaint, answer, and evidence, duly submitted
to the court for its decision, and by the court taken under
advisement. . The plaintiff at the beginning of the trial object-
ed to have the hearing stand as a final hearing of the cause,
but the court made no order on that objection.   On July 16,
1896, the court made, and left with the clerk, and ordered filed
its decision and findings, in writing, and conclusions of law in
favor of defendant, and that plaintiff pay costs.   The findings
and conclusions were not filed till October 10, 1896, when an
order was made to file them as of July 16, 1896; the clerk's
costs for filing same not having been paid, through mistake.
On July 21, 1896, the cause was again called for final hearing
on the merits.   Defendant objected to the hearing on the
ground that the court had no jurisdiction to retry said cause,
because the trial of July 7, and the findings of July 16, had not
been set aside, or a new trial granted.   Upon the second trial
the judgment was awarded in favor of plaintiff.   *Held*, that
when the court left the findings and conclusions with the clerk
on July 16th, and ordered them filed, they were just as effectu-
ally filed as though the clerk had put his filing mark upon
them, and that was emphasized by the subsequent order to file
them as of July 16, 1896; the duty of filing devolving upon the
court, and not upon the prevailing party.

2 The making and filing of the findings and conclusions was part
of, and must precede the entry of, judgment.   The fee for fil-
ing should be included in the trial fee.

3. After the first hearing upon the complaint, answer, and evi-

dence, the court had no power or authority to retry the case and hear other testimony, or make other findings of fact contrary to those found upon the first hearing, without a motion for a new trial, or without first setting aside the findings of fact and granting a new trial.

4. When the written findings and conclusions were filed the trial was ended. A new trial is a re-examination of the issues of fact, and has nothing to do with the judgment, which is a sentence of the law upon the facts. Proceedings for a new trial may be commenced either before or after the entry of judgment.

(No. 827.   Decided Oct. 4, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Suit by Nellie E. Fisher and others against Harriet S. Emerson. Judgment for plaintiffs. Defendant appeals. *Reversed.*

*Kimball & Kimball,* for appellant.

After the court made and filed its findings, it had no power or authority to hear other testimony or make other findings without a motion for new trial by the plaintiff, nor without setting aside its findings of fact and granting such new trial. Hayne on New Trial and Appeal, sec. 246; *Hidden* v. *Jordan,* 28 Cal. 305; *Price* v. *Lynch,* 38 Cal. 528; *Cowning* v. *Rogers,* 34 Cal. 652; *Crim* v. *Kessing,* 89 Cal. 478.

*Whipple & Johnson,* for respondents.

Cited:   *Broder* v. *Conklin,* 98 Cal. 360; *Hastings* v. *Hastings,* 31 Cal. 95; Hayne on New Trial and Appeal, sec. 246; *Candee* v. *Bartow,* 62 Cal. 1; *Wells* v. *Kreyenhagen,* 49 Pac. 128; *McLaughlin* v. *Doherty,* 54 Cal. 519; *Potter* v. *Talkington,* 49 Pac. 14; *Pinder* v. *Yager,* 29 Ia. 468.

PER CURIAM.

This action was brought to enjoin defendant from constructing a fence upon a right of way alleged to belong to the plaintiffs, and that plaintiffs be decreed to have free use of such right of way. An order to show cause why an injunction should not issue, restraining the defendant from the acts complained of, was issued, and made returnable July 7, 1896. The cause came on regularly for hearing upon the order to show cause on the day set for said hearing, and upon the complaint and answer in the case. A trial was had, witnesses sworn and examined on behalf of both parties, documentary evidence was introduced by plaintiffs and defendant, and the cause, on complaint, answer, and evidence, was duly submitted to the court for its decision, and was by the court taken under advisement. The plaintiff at the commencement of the hearing objected to have the hearing stand as a final hearing of the cause, but the court made no order on that objection. On the 16th day of July, 1896, the court, being duly advised, made and left with the clerk, and ordered filed, its decision and findings in writing, in due form, finding all the material facts in favor of the defendant and against the plaintiffs, and also filed the following conclusions of law: "(1) As conclusions of law from the foregoing facts, the court now hereby finds and decides that the plaintiffs are not entitled to an injunction against the defendant, enjoining and restraining her from erecting the fence described in finding of fact No. 4. (2) That the defendant is entitled to have a restraining order issued in this cause on the 26th day of June, 1896, dissolved. (3) That the plaintiffs are not entitled to have said restraining order. (4) That the plaintiffs are not entitled to have an injunction in this action, and the defendant is entitled to recover of the plaintiffs her costs

incurred in this action." The findings and conclusions were left by the court with the clerk for filing, but were not filed until October 10, 1896, when a *nunc pro tunc* order was made to file them as of July 16, 1896; the clerk's costs for filing the same not having been paid, through mistake. On July 21, 1896, the cause was again called for final hearing on the merits. The defendant objected to proceeding with the said trial on the ground that the court had no authority or jurisdiction to retry said cause, because of the trial on July 7, and the findings of fact of July 16, 1896; the same not having been set aside, or a new trial granted. The objection was overruled, and the trial was proceeded with, under objection and exception by defendant. Upon this trial, findings, conclusions, and judgment were rendered in favor of the plaintiffs and the injunction prayed for awarded. Defendant appeals from this judgment, and alleges that the court erred in proceeding with the trial anew on July 21, and making its findings and judgment, because of the trial before the court of July 7, 1896, and the findings and conclusions found in favor of the defendant, and that the same had not been set aside or a new trial granted at any time.

The findings and conclusions of law upon each hearing were entirely antagonistic and contradictory. Upon the first hearing the injunction was denied, and costs awarded to defendant. Without setting aside the findings, and without any motion or order for a new trial, the court, under objection, proceeded to a rehearing of the cause, and came to an opposite conclusion from that reached at the first hearing. When the court left the findings of fact and conclusions of law with the clerk, on July 16th, and ordered them filed, they were just as effectually filed as though the clerk had placed his filing mark upon them.

This is emphasized by the fact that subsequently the court ordered the findings and conclusions of the first hearing filed as of July 16, 1896. Section 3379, Comp. Laws Utah 1888, does not make it the duty of the prevailing party to file the decision in any case. This duty devolves upon the court. Section 141, p. 559, Sess. Laws 1896, requires the clerk to collect $7.50 in advance, from the party commencing any action, when an injunction is asked, for services up to the time of the trial, and $2.50 for the trial of the case, including the entry of judgment. The making and filing of the findings and conclusions was a part of, and must precede the entry of, the judgment. The fee for filing should be included in the trial fee. As appears from the record, a trial of the case was had on July 7 and 8, 1896, upon the complaint and answer. Witnesses were sworn and examined on behalf of both parties, and documentary evidence was introduced. The case was submitted to the court for its decision on the order to show cause, the complaint, answer, and evidence, and the same taken under advisement. On the 16th day of July, 1896, the court made, and left with the clerk, and ordered filed, its findings and conclusions, thereby determining and deciding all and the only question of fact put in issue by the pleadings in favor of the defendant, with costs against the plaintiffs. When the written findings and conclusions were filed, the trial was ended. There remained nothing further to be done except the entry of the judgment, which would not constitute any part of the trial. After the court heard the cause on the merits,—on the complaint, answer, and testimony,—and the same was submitted for its decision, and it made its finding of fact and conclusions of law denying the injunction prayed for, it had no power or authority to retry the case and hear other testimony, or make other findings of fact con-

trary to those found upon the first hearing, without a motion for a new trial, or without first setting aside the findings of fact and granting a new trial. Hayne, New Trial & App. §§ 246, 247; *Hidden* v. *Jordan*, 28 Cal. 305; *Prince* v. *Lynch*, 38 Cal. 528; *Crim* v. *Kessing*, 89 Cal. 478.

The respondent was not prevented from filing a motion for a new trial upon the findings before judgment was rendered. A new trial is a re-examination of the issues of fact, and has nothing to do with the judgment, which is a sentence of the law upon the facts. Proceedings for a new trial may be commenced either before or after the entry of judgment. A motion for a new trial was a proper method for reviewing the testimony and findings upon the first hearing. No proceeding having been taken for a new trial, or to set aside the findings, it was irregular to proceed to a rehearing of the case at a subsequent date. Hayne, New Trial & App. §§ 16, 1; Comp. Laws Utah 1888, § 3402, subd. 1; *Ketchum* v. *Crippen*, 31 Cal. 366.

The judgment appealed from is reversed, and the court is directed to set aside the findings of fact and conclusions of law made and filed September 10, 1896, and to enter judgment on the findings of fact and conclusions of law made and filed July 16, 1896.