## BELLION v. DURAND.

No. 2160.   Decided June 14, 1911.   Rehearing denied September 27, 1911   (117 Pac. 798).

1. JUSTICES OF THE PEACE—NEW TRIAL—TIME OF FILING MOTION—
"WITHIN TEN DAYS AFTER." In an action tried in the justice
court, a motion for a new trial for insufficiency of the evidence
was filed after verdict, but before judgment.    The statute
(Comp. Laws 1907, section 3742) provides that a new trial may
be granted by the justice on motion made within ten days after
the entry of judgment. *Held*, that the words, "within ten days
after," fixed only the limit beyond which the motion might not
be filed, and that the motion was not prematurely made.   (Page
535.) ·

2. NEW TRIAL—GROUNDS—INSUFFICIENCY OF EVIDENCE. Insufficiency
of evidence to justify the judgment is not ground for new trial.
It is insufficiency of the evidence to justify the verdict on which
a new trial must be asked.† (Page 536.)

- APPEAL from District Court, Third District; *Hon. T. D. Lewis*, Judge.

Application by William Bellion for a writ of prohibition
against Charles F. Durand.

Permanent writ granted.   Respondent appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*E. A. Walton* for appellant.

*King & Burton* and *Samuel Russell* for respondent.

STRAUP, J.
Daniel Densley on the 14th day of February, 1904, com-
menced an action against William Bellion in the justice court
of Murray Precinct, Salt Lake County, before J. B. McOmie,
justice of the peace.   Upon the issuing and service of a sum-

---

† Fisher v. Emerson, 15 Utah, 517, 50 Pac. 619.

mons, Bellion appeared in the action, and filed a general denial to the complaint. The case was regularly set for trial, and tried to a jury. Both parties were represented by counsel. A verdict was rendered by the jury in favor of Bellion on the 21st day of April, 1904. No complaint is made with respect to the jurisdiction of the justice, or of any irregularity in the proceedings, up to this point. Before the judgment on the verdict was entered by the justice, Densley, on the 23d day of April, 1904, served and filed a written notice of motion for a new trial on the ground of insufficiency of the evidence to justify the verdict, a ground for which the justice, by statute, was authorized to grant a new trial. An affidavit was also served and filed on behalf of Densley in support of the motion. On the 30th day of April, 1904, without any judgment having been entered upon the verdict, the motion for a new trial was argued by the attorneys for the respective parties, and upon a submission of the motion for decision, without any objection having been made that no judgment had been entered upon the verdict, the justice on the day last mentioned vacated and set aside the verdict, and granted a new trial upon the ground stated in the motion. No other proceedings were had in the case until the 13th day of September, 1906, when both parties were notified that the case was set for trial on the 18th day of September, 1906. In the meantime McOmie's term of office had expired, and Charles F. Durand succeeded him. The case was set for re-trial by Durand. On the 18th day of September, Densley and his counsel appeared for trial, but the defendant and his counsel, though previously notified of the trial, failed to appear. On that day the justice, Durand, upon the evidence adduced by the plaintiff, rendered and entered a judgment in favor of Densley and against Bellion. Then, on the 17th day of October, 1906, Bellion took an appeal from that judgment to the district court. The appeal was dismissed by the district court on the 8th day of December, 1906, and the case remanded to the justice court on the 19th day of January, 1907. Upon what ground the appeal was dismissed is not made to appear. Thereafter Bellion applied to the district

court for a writ of prohibition to restrain the justice from enforcing the judgment. In the petition filed by him for an alternative writ the foregoing facts were substantially set forth, and the additional allegation made that the justice, at the request of Densley's counsel, was about to issue an execution on the judgment. In response to the alternative writ served upon him, the justice filed an answer to the petition and writ. Upon a hearing and a trial of the issues, the district court granted a permanent writ, restraining the justice from issuing an execution or otherwise enforcing or proceeding upon the judgment. From that judgment, the justice has prosecuted this appeal.

In the petition it was alleged, and the court, in its findings, found, in the language of the petition, that a new trial in the justice court was granted by Justice McOmie "on or about the 30th day of April, 1906." If the motion for a new trial was not made in the justice court until in April, 1906, the verdict having been rendered in April, 1904, of course, the justice had no jurisdiction to then entertain or to grant a motion for a new trial. However the record of the justice, and all the papers of the case on file in his office, all of which were put in evidence on the hearing and on the trial in the district court, and all the evidence adduced upon such hearing and trial, show, without conflict, that the motion for a new trial in the justice court was served and filed on the 23d day of April, 1904, and was granted by Justice McOmie on the 30th day of April, 1904, not 1906. Nor was it claimed or contended by Bellion, or by any one, in the court below, nor is it here claimed, or contended, that the motion for a new trial was granted on the 30th day of April, 1906, and not in 1904. That the motion for a new trial was made and granted in April, 1904, was not disputed in the court below, nor is it here disputed. And, as already observed, all the evidence, without conflict, affirmatively and conclusively shows that the motion was served and filed on the 23d day of April, 1904, and was granted on the 30th day of April, 1904, and not in 1906. The date in the petition and findings, 1906, instead

of 1904, evidently is a mere clerical error. So that we have the indisputable facts that the case of *Densley v. Bellion* was tried in the justice court before a jury, and a verdict rendered by them on the 21st day of April, 1904, and without and before the entry of any judgment upon the verdict Densley, on the 23d day of April, 1904, served and filed a motion for a new trial, which was argued by the attorneys for the respective parties and submitted on the 30th day of April, 1904, and was on that day granted.

The respondent contends, not that the motion for a new trial was not made in time, but that it was prematurely made; that the justice was without power or authority to entertain a motion for, or to grant, a new trial, before the judgment was entered by him on the verdict, and for that reason his action in granting a new trial was without jurisdiction, and rendered all subsequent proceedings, and the judgment, on a retrial of the case, of no effect. It was upon this theory that the judgment of the justice court was held void by the district court and the writ granted. The statute (Comp. Laws 1907, section 3742) provides that "a new trial may be granted by the justice on motion made within ten days after the entry of judgment," etc. Respondent urges that the proper construction of this statute requires a holding that the statute fixes, not only the limit beyond which the motion may not be made—ten days after the entry of judgment—but also the first point of time at which the motion may be made, not before the entry of judgment. The construction of similar statutes has frequently been before the courts. We have been referred to no case where the statute was given the construction contended for by the respondent. To the contrary, we have been referred to a number of cases where it was held that the words "within ten days after" fixed only the limit beyond which the notice may not be given, or the motion made, and did not fix the first point of time at which it may be given or made. (*Davie v. Miller,* 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932; *Young v. The Orpheus,* 119 Mass. 179; *Sanborn v. Firemen's Ins. Co.,* 16 Gray [Mass.] 448, 77 Am. Dec. 419:

*Cary v. Fullenwider,* 150 Ill. 629, 37 N. E. 899; *Merchants' & Traders,' etc. Bank v. Mayor, etc.,* 97 N. Y. 355; *Levert Ex'x v. Read Ex'r et al.,* 54 Ala. 529.) This we believe to be the proper construction of the statute. Of course, there must be a trial had and concluded before a motion for a new trial would be pertinent. But the rendition of a verdict concludes the trial. The recording of it, and the entering of the judgment upon it, are mere ministerial acts.

Insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial. It is insufficiency of the evidence to justify the verdict, or other decision of fact, upon which a new trial must be asked. (*Martin v. Matfield,* 49 Cal. 42.) A motion for a new trial on grounds of insufficiency of the evidence assails the verdict, or other decision of fact, not the judgment. This court in *Fisher v. Emerson,* 15 Utah, 517, 50 Pac. 619, said:

"A new trial is a reexamination of the issues of fact, and has nothing to do with the judgment, which is the sentence of the law upon the facts. Proceedings for a new trial may be commenced either before or after the entry of judgment."

We are therefore of the opinion that the justice had the power to entertain the motion for a new trial after the verdict of the jury was rendered, and before the judgment upon the verdict was entered, and that his ruling in granting the motion, if erroneous, was mere error, and not a want or excess of jurisdiction. Hence it follows that the district court erred in holding that the judgment rendered on the retrial of the case in the justice court was void, and in granting the writ. The judgment of the district court is therefore set aside, and the case remanded, with directions to dismiss the proceedings.

FRICK, C. J., and McCARTY, J., concur.