## PANSON v. PAPPAS.

No. 3750.   Decided April 3, 1922.   (206 Pac. 261.)

1.  TRIAL—MODIFICATION OF FINDINGS BY COURT HELD PROPERLY MADE. Under Comp. Laws 1917, § 6828, providing for the modification of findings by the court before notice of an appeal is served or motion for a new trial is ruled upon, it is proper, on application of plaintiff made after defendant has moved for a new trial, but before service of notice of appeal, to modify the findings so as to include an issue omitted in the original findings.[1]

2.  PLEADING—REPLY TO NEW MATTER IN ANSWER HELD PROPER. Where, in an action on a note the defense was set up that part of the money owed had been impounded by a garnishment, a reply that the garnishment proceeding was brought on a part-

[1] *Klopenstine* v. *Hayes*, 20 Utah, 45, 57 Pac. 712; *Fisher* v. *Emerson*, 15 Utah, 517, 50 Pac. 619; *Clawson* v. *Wallace*, 16 Utah, 301, 52 Pac. 9.

nership debt which defendant had contracted to pay on purchasing plaintiff's interest in the partnership was proper, as being within Comp. Laws 1917, § 6590, authorizing a reply which will avoid matter set up in the answer.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight*, Judge.

Action by Louis Panson against Andrew A. Pappas. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*H. S. Tanner*, of Salt Lake City, for appellant.

*Stewart, Stewart & Alexander*, of Salt Lake City, for respondent.

THURMAN, J.

Plaintiff brought this action to recover judgment on a promissory note for $1,200 and attorney's fees, secured by chattel mortgage, and to foreclose the mortgage. The complaint is in the usual form.

Defendant, answering, admitted the execution of the note and mortgage, but denied that plaintiff was the owner and holder of the note, or that the amount demanded as attorney's fees was reasonable, or that it was necessary to employ an attorney to collect the money.

In addition to the admissions and denials above set forth, the answer contains the following paragraph as a special defense:

"And as an additional answer and defense, this defendant alleges that a garnishment, and later an execution, has been served upon him in an action in which J. J. Whitaker is plaintiff, and this plaintiff and defendant and Tom Dallas are made defendants, as copartners, and by said garnishment the sum of $500 of the money sued for herein by the plaintiff, plus the costs of said action, has been, and is, held subject to said garnishment and execution, and this defendant is required to turn over, when ordered to do so, to said

court, that amount of any money held by him for the plaintiff herein, and this defendant cannot pay said amount to said plaintiff in this action, but stands ready to pay said sum into said court and the balance due from him into this court, if thereby he is released from liability to the plaintiff herein."

In reply to defendant's special defense plaintiff admitted that an alleged garnishment and execution had been served on defendant as alleged in the answer, and that the said writ of garnishment purported to attach the sum of $500 in the hands of defendant. Plaintiff denied the validity of the garnishment or execution and as further reply to defendant's special defense plaintiff alleged as follows:

"This plaintiff further alleges as a part of the reply that this plaintiff and defendant, Andrew A. Pappas, and the said Tom Dallas became partners in the month of October, 1919, in the operating and running of a certain billiard hall known as the De Luxe Billiard Parlor; that during the month of February, 1920, this plaintiff sold his undivided one-third interest in said billiard hall business to the defendant herein, and the defendant at the time of said sale agreed to pay all outstanding and existing debts and obligations of said billiard hall, and save this plaintiff harmless therefrom; that any obligation owing to the aforenamed J. J. Whitaker was an indebtedness at the time of the sale by this plaintiff to the defendant, and was an obligation assumed by the said defendant, and this plaintiff therefore alleges that at law and in equity the said defendant will be obligated to discharge the claim of the said J. J. Whitaker, and it will be inequitable and illegal to permit the said defendant to withhold from any moneys owing to this plaintiff by the defendant any sum whatsoever to be paid to the said J. J. Whitaker."

The court found in favor of plaintiff as prayed for in the complaint, but omitted in the first instance to find on the issues presented by defendants special defense and plaintiff's reply. Defendant moved for a new trial, and before the motion was disposed or or notice of appeal given, on plaintiff's application, the findings were modified so as to cover the issues omitted in the original findings. These issues were also found in favor of plaintiff. Judgment was entered in accordance with the findings as modified, and defendant appeals.

Appellant's first contention is that the court erred in granting plaintiff's motion to modify the findings, and cites

as authority *Klopenstine* v. *Hays,* 20 Utah, 45, 57 Pac. 712; *Fisher* v. *Emerson,* 15 Utah, 517, 50 Pac. 619; *Clawson* v. *Wallace,* 16 Utah, 301, 52 Pac. 9.

We deem it unnecessary to review these cases. The motion to modify was seasonably made, and clearly within the provisions of Comp. Laws Utah 1917, § 6828, which reads as follows:

"Upon a trial of a question of fact by the court its decision must be given in writing, and filed with the clerk within thirty days after the cause is submitted for decision. The court may, however, at any time before a notice of appeal is served and filed, or before a motion for a new trial is ruled upon, if such motion is made, add to or modify the findings in any respect, so as to make the same conform to the issues presented by the pleadings, and to the evidence adduced at the trial. No such additions to, or modifications of, the findings shall be made unless a notice in writing specifying generally the additions or modifications desired, shall have been served on the adverse party, or his attorney of record."

But it is also contended by appellant that the reply was not authorized by the statute, inasmuch as defendant did not plead a counterclaim. The right to reply may exist even though no counterclaim is pleaded. Comp. Laws Utah 1917, § 6590, in part, reads:

"There shall be no reply except:

"1. Where a counterclaim is alleged; or,

"2. Where some matter is alleged in the answer to which the plaintiff claims to have a defense, by reason of the existence of some fact which avoids the matter alleged in the answer."

Here the special defense set up by defendant alleges service upon him of writ of garnishment, impounding the money which defendant would otherwise have paid to plaintiff on the promissory note. The excuse for the garnishment was that plaintiff defendant, and another party, as partners, were judgment debtors of J. J. Whitaker, upon whose application the writ of garnishment was issued. Plaintiff's reply to defendant's special defense admitted that defendant had been garnished as stated in defendant's answer, and as further reply, in substance, alleged that the indebtedness to Whitaker was a partnership obligation of plaintiff, defendant, and Tom Dallas; that plaintiff afterwards sold his

interest in the partnership to defendant, and defendant, in consideration thereof, agreed to assume all obligations of the partnership, among which was the indebtedness to Whitaker. The matter alleged in the reply certainly avoided the matter alleged in the answer, and was therefore a proper reply under the statute last above quoted. If the defendant in the deal with plaintiff whereby he purchased plaintiff's interest in the partnership agreed to assume the Whitaker obligation, he certainly had no right to set up the Whitaker obligation as a defense against plaintiff's action on the promissory note. As between plaintiff and defendant the reply was a complete answer to defendant's special defense.

The findings of the court on all of the issues presented by the pleadings are sustained by the evidence.

Much discussion was indulged in by both plaintiff and defendant as to whether or not the garnishment proceedings are valid and regular, and as to their effect upon the legal and equitable rights of the parties. In the opinion of the court such discussion was a useless effort on the part of counsel, and tended more to befog the issues than it did to aid the court in arriving at a correct conclusion.

The judgment of the trial court is affirmed, at appellant's costs.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.