C. C. STORING, as Receiver of the Merchant's National Bank of Mandan, an Insolvent Corporation, Respondent, v. W. H. STUTS-MAN, and First National Bank of Mandan, a Corporation, and A. D. Gaines, Appellant, Garnishees.

## FIRST NATIONAL BANK OF ASHLEY, NORTH DAKOTA, a Corporation, Intervener.

(218 N. W. 223.)

**Garnishment — omitting "verily" before word "believes" in affidavit for garnishment not fatally defective.**

1. An affidavit for garnishment is not rendered fatally defective because it states that the affiant "believes" instead of using the statutory form that the affi t "verily believes." The omission of the word "verily" in such affidavit is a mere irregularity which may be cured by amendment.

**Garnishment — amendment of affidavit for garnishment held proper.**

2. It is held that the trial court was correct in permitting the affidavit for garnishment to be amended in the instant case.

**Garnishment — filing affidavit and summons before service on garnishee, held substantial compliance with law.**

3. Where the summons and affidavit for garnishment are filed in the office

Note.—(2) On right to amend affidavit in garnishment proceeding, see 12 R. C. L. 822.

(3) As to sufficiency of service of process in garnishment proceeding, see 12 R. C. L. 824.

of the clerk of the court in which the garnishment proceeding is commenced before service is made on the garnishee, there is a substantial compliance with the provisions of § 7571a2 Supplement to the 1913 Compiled Laws of North Dakota, and the garnishment proceeding is not deemed discontinued for failure to comply with such section.

**Garnishment —failure of garnishee to answer within required time no ground for attack by defendant.**

4. The failure of the garnishee to interpose an answer in the garnishment proceeding until after the time for answer has expired constitutes no ground for attack on such proceeding by the defendant.

Opinion filed March 6, 1928.

Garnishment, 28 C. J. § 262 p. 207 n. 44; § 269 p. 209 n. 81; § 276 p. 214 n. 71. Within 40 Cyc. p. 2127 n. 85.

Appeal from the District Court of Morton County, *Pugh* J. The defendant appeals from an order denying his motion to quash a garnishment proceeding.

Affirmed.

*W. H. Stutsman,* for appellant.

*Sullivan, Hanley, & Sullivan,* for respondent.

CHRISTIANSON, J. The defendant moved "to quash the garnishment affidavit and the disclosure of A. D. Gaines, as garnishee" on the grounds that the affidavit for garnishment is not sufficient in this: that it fails to state that the affiant "verily" believes the garnishee has property belonging to the defendant; that the garnishment affidavit is indefinite and uncertain as to which of the two garnishees it refers; that the affidavit and garnishee summons were not filed with the clerk within ten days after service thereof; that the affidavit of Gaines admitting liability was not made within thirty days after the service of the garnishee summons upon the garnishee nor until after judgment was entered against the defendant in the main action. Upon the hearing of the motion to quash, plaintiff's attorney asked leave to amend the affidavit for garnishment by having the word "verily" inserted therein. The trial court granted the application to amend and denied the motion to quash and plaintiff has appealed.

We have serious doubts whether the order sought to be reviewed is ap-

pealable; but inasmuch as the respondent has not questioned the appealability of the order, and the controversy has been submitted on the merits, we deem it best to dispose of the questions presented on the merits, without, however, committing ourselves to the view that the order is appealable. Johnson v. Great Northern R. Co. 12 N. D. 420, 97 N. W. 546.

The first and principal contention of the appellant is that the affidavit for garnishment was defective in this, that it did not state that the plaintiff "verily" believed that the garnishee was indebted to or had property in his possession or under his control belonging to the defendant. This contention is predicated upon § 7568, Comp. Laws 1913 relating to, and prescribing the contents of, an affidavit for garnishment. The section reads:

"Either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, the plaintiff, or some person in his behalf, may make an affidavit stating that he verily believes that some person, naming him, is indebted to, or has property, real or personal, in his possession or under his control, belonging to the defendant, or either or any of the defendants in the action or execution, naming him, and that such defendant has not property in this state liable to execution, sufficient to satisfy the plaintiff's demand, and that the indebtedness or property mentioned in such affidavit is, to the best of the knowledge and belief of the person making such affidavit, not by law exempt from seizure or sale upon execution. Any number of garnishees may be embraced in the same affidavit, but if a joint liability is claimed against any, it shall be so stated, and the garnishee named as jointly liable shall be deemed jointly proceeded against; otherwise the several garnishees shall be deemed severally proceeded against."

As said, the basis for the attack upon the sufficiency of the affidavit for garnishment is that the word "verily" was omitted therefrom. It is not contended that the facts required to be stated in the affidavit for garnishment are not fully stated. It is the contention of the appellant, however, that the omission of the word "verily" renders the affidavit for garnishment fatally defective, and that, consequently, the trial court

erred in permitting the affidavit to be amended and in refusing to dismiss the proceeding.

In our opinion the contention is not well founded. Section 7581, Comp. Laws 1913 provides:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or proceedings taken and appeals and all provisions for enforcing judgments, shall be applicable thereto."

See also F. B. Scott Co. v. Scheidt, 35 N. D. 433, 160 N. W. 502; Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555.

The affidavit for garnishment performs the functions of plaintiff's complaint in the garnishment action (9 Enc. Pl. & Pr. p. 816), and should be tested by the same rules as to sufficiency and right of amendment as a complaint in a civil action (§ 7581, supra; Everdell v. Sheboygan & F. du L. R. Co. 41 Wis. 395).

Section 7581 says:

"All provisions of law relating to proceedings in civil actions at issue, including . . . *amendments* and relief from default . . . shall be applicable to" a garnishment action.

Section 7482, Comp. Laws 1913, provides:

"The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

This statute, under the express terms of § 7581, is applicable to a garnishment action. It has been held that a statute relating to amendment of pleadings in civil actions is applicable to a garnishment action even though there is no express legislative declaration to that effect. Rood, Garnishment, § 3. It is indeed difficult to see wherein the omission of the word "verily" from the affidavit for garnishment in any particular degree affected the substance thereof. The essential facts were all stated, and there was the positive statement of the plaintiff that:

"He believes the above named garnishee has property, real or per-

sonal, money or effects in his possession or under his control, belonging to defendant, and that garnishee is indebted to defendant and that defendant has not property in this state liable to execution sufficient to satisfy plaintiff's demand and that the aforesaid indebtedness and property mentioned herein is to the best of affiant's knowledge and belief, not by law exempt from seizure or sale on execution." As used in § 7568, supra, "verily" is synonymous with "truly," "confidently," "really." Webster's New Int. Dict.; Century Dict. It would seem that .when a person declares on his oath that he believes a certain statement of facts to be true that he declares his belief with confidence and earnestness. While the affidavit for garnishment ought to contain the word "verily," the omission thereof is not, in our opinion, such a departure from the prescribed form as will avoid the affidavit. In other words the omission of the word "verily" does not render the affidavit defective in substance; but is at most an irregularity which may be cured by amendment.

Appellant cites Russell v. Ralph, 53 Wis. 328, 10 N. W. 518, and asserts that under the rule announced in that case the omission of the word "verily" renders the affidavit fatally defective. In other words, that under the rule there announced the word "verily" is a jurisdictional averment in an affidavit for garnishment. In our opinion, the case cited does not establish the rule contended for. Under the statute involved in Russell v. Ralph, the plaintiff in a garnishment proceeding was required to make an affidavit to the effect "that the affiant has good reason to believe" etc., instead of using the statutory language the plaintiff in that case used the words "that the affiant verily believes," and the Wisconsin court held that this was a substantial compliance with the statute. In so determining the court said:

"This court has frequently held that the true test of the sufficiency of .an affidavit which employs the language of the statute is whether perjury can be assigned upon it."

The appellant in this case argues that by application of this test to the affidavit involved here, the affidavit must be held to be defective. In appellant's brief the contention is stated thus:

"Could perjury be assigned upon Mr. Storing's affidavit that he merely believes? Manifestly not!"

The argument thus advanced answers itself. It is difficult to con-

ceive how a person could swear truthfully to an affidavit that he believes a certain state of facts to be true and yet swear falsely to an affidavit that he "verily" believes the same facts to be true. It is, we think, too clear for controversy that if the affidavit is false in one case it would be false in the other. If it were perjury to swear to one, it would be perjury to swear to the other.

The affidavit being amendable, it is clear that the trial court was justified in granting permission to amend. The record shows that the garnishee summons and affidavit for garnishment were served in October, 1924; that the garnishee served an affidavit of disclosure in February, 1925 and a supplemental affidavit in August, 1925. The first affidavit of disclosure showed that an action was then pending which had been brought by the defendant against the garnishee wherein the garnishee admitted liability to the defendant for certain services rendered by the defendant but the value of which was in dispute. The supplemental affidavit served in October, 1925 stated that the action had been determined and a judgment rendered in favor of the defendant for a certain amount and that the garnishee was indebted to the defendant in the amount of the judgment. The defendant, however, took no action and did not move to quash the garnishment proceeding until November, 1927. In other words, the defendant permitted the proceedings had in the garnishment proceeding to remain unchallenged for more than two years after the supplemental disclosure had been served.

The second objection presented by the appellant is that in the body of the affidavit for garnishment and the garnishee summons, the word "garnishee" is used instead of the word "garnishees," and it is said that, consequently, these papers were indefinite as to which one of the two, or whether both, garnishees are referred to. The objection is one so wholly devoid of merit as to require no extended consideration. Both garnishees are named in the title. Each of them is "the above named garnishee."

The next objection is that the affidavit for garnishment and the garnishee summons were filed in the office of the clerk of the district court on October 17, 1924, before they were served on the garnishee or the defendant, and it is contended that this is violative of § 7571a2 Supplement to the 1913 Compiled Laws of North Dakota which reads:

"The garnishment summons and affidavit of garnishment shall be filed in the office of the clerk of the court in which such action is commenced within ten days after service thereof on the garnishee, or the garnishment proceedings shall be deemed discontinued."

In this case there are two garnishees. The record does not show when service was made either on the defendant or on the garnishee the First National Bank of Mandan. For aught that appears in the record submitted to this court the service might have been made on the garnishee, First National Bank of Mandan, before the papers were filed.

We are of the opinion, however, that § 7571a2, supra, was not intended to inhibit the filing of papers in a garnishment action before service thereof upon a garnishee; but that it was intended to compel the papers to be filed within ten days after they had been served. The word "within" as regards the fixing of time is susceptible of different meanings. One of the meanings recognized by lexicographers, lawmakers and courts is, "not beyond;" "not later than." See Funk & W. New Standard Dict.; Webster's New Int. Dict.; Century Dict. Levert v. Read, 54 Ala. 529; Atherton v. Corliss, 101 Mass. 40, 44; French v. Powell, 135 Cal. 636, 68 Pac. 93; Bellion v. Durand, 39 Utah, 532, 117 Pac. 799. In certain cases the term may be susceptible of the meaning that it fixes both the beginning and ending of the period of time in which a specified action is required to be performed. As applied to a statute the meaning of the term "within" depends upon the sense in which the legislature used it. In other words, like every other term in a statute it will be given effect according to the intention of the lawmakers. As the term "within ten days after service" is used in § 7571a2, supra, it seems quite clear that it means "not later than." In short, that it was the intention of the lawmakers to compel the papers in the garnishment action to be filed not later than ten days after they had been served upon the garnishee and that there was no intention to inhibit the filing of such papers before such service.

The filing was required as an evidence that the action had been instituted in good faith and that the plaintiff intended to prosecute the same; and failure to cause the papers to be filed not later than ten days after the service of the papers upon the garnishee is made tantamount to a declaration on the part of the plaintiff that he has decided

to abandon and discontinue the action. But where, as in this case, the papers are filed before service thereof, so that if the garnishee after the expiration of ten days after the papers were served upon him makes an inquiry from the clerk of the court or an examination of the records in his office, he will find that the papers in the action have been filed and the case docketed in the office of the clerk of the district court, there is no evidence of an intention to discontinue the action. In such case there is no disregard, but a substantial compliance with the purpose, of the statute. If § 7571a2 is given the construction contended for by the appellant it would indeed be difficult for the plaintiff to comply therewith in a case where there are several garnishees. For, while any number of garnishees may be joined in one garnishment, the proceeding becomes a separate action against each garnishee in case the liability of the garnishees is several. Section 7568, supra. Therefore, in a case where there are several garnishees the ten days period might expire after service on one garnishee before it would be possible to serve the papers on one or all of the garnishees. If the papers were not filed after service on the first garnishee, he could doubtless invoke the provisions of the statute. But, if appellant's contention is correct, the garnishee who had not yet been served would, after service upon him, be in position to urge that as to him the proceeding should be dismissed because, forsooth, the papers had been filed before they were served upon him. In our opinion the legislature intended no such result. The purpose of the statute was to impel the filing of papers in a garnishment action within a reasonable time, towit, within ten days, after service upon the garnishee and there was no intention to inhibit the filing of papers after the action had been instituted whether or not service had been made.

The last objection is that the disclosure of the garnishee was made after the expiration of the time allowed the garnishee for answering. This objection is not supported by argument and might well be deemed waived. In any event it is wholly without merit. The default of the garnishee was tantamount to an admission on his part of liability for the full amount of plaintiff's claim, and would have entitled the plaintiff to judgment against him for the full amount of the judgment recovered by plaintiff in the main action, together with costs of the garnishment action. Comp. Laws 1913, § 7576. The garnishee would

have been entitled to apply to the court for relief from the default. Comp. Laws 1913, § 7581. If the plaintiff were willing to relieve the garnishee from such default, it was no concern of the defendant and, he is in no position to complain.

This disposes of the questions presented. The order appealed from is clearly right and must be affirmed. It is so ordered.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.