[Civ. No. 6216. First Appellate District, Division One.—March 7, 1928.]

G. M. BATTERSBY, Appellant, v. FRANK SHEPEARD et al., Respondents.

C. A. Linn and C. Harold Caulfield for Appellant.

Gus L. Baraty for Respondents.

TYLER, P. J.—Action to foreclose an original contractor's lien. The complaint alleges in substance that on the thirtieth day of September, 1922, plaintiff and defendant entered into an agreement in writing under the terms of which plaintiff agreed to furnish the material and erect a building on property owned by defendants. The contract price was the sum of $1,497.20. With reference to the time payments that were required to be made the contract contained the following provisions: "the party of the first part, agrees to pay the party of the second part upon the presentation of receipted bills and the balance thirty-five days after the completion of the contract and the work herein specified." The building was completed November 13, 1922, and no partial payments having been made, the entire contract price became due 35 days after completion. Plaintiff filed his claim of lien on December 15, 1922, and an action to foreclose the same was instituted by him January 18, 1923. At the trial defendants claimed that they had paid plaintiff the full amount of the contract price; that the same was paid in bills except the sum of $3.70, which was paid in silver. They had no receipt for the payment and plaintiff denied that they had ever made any payment whatsoever. It appeared in evidence that while defendants had two bank accounts, no order was drawn upon these accounts to make payment, defendants testifying that they had the amount in their bedroom and that plaintiff had called for and they had paid him the amount due. It further appeared that defendants filed a homestead upon the premises prior to the time the contract price was due plaintiff. Under the evidence plaintiff claimed below that defendants deliberately planned to defraud plaintiff out of the amount due him. The trial court found that plaintiff had performed his contract and that no part of the $1,497.20, the amount of the contract price, had ever been paid and judgment was rendered for this sum. This finding is not here assailed. It

was contended below by defendants that the lien contained a false statement and was prematurely filed, for which reason the court had no power to decree a foreclosure of the same. No finding was made upon this subject nor did the judgment decree a foreclosure of the lien. Plaintiff appeals from that portion of the judgment refusing to allow the lien and to decree its foreclosure. As above set forth the contract price for the work was the sum of $1,497.20.· The building was completed November 13, 1922, and notice of acceptance was filed. No part of the contract price was paid. The claim of lien was filed December 15, 1922. The action to foreclose was instituted January 18, 1923. According to the contract the final payment was to be made 35 days after the completion of the building. The due date of final payment, therefore, was December 18, 1922. The claim of lien disclosed this fact upon its face. ■ Respondents here claim in support of the judgment that as the complaint alleges and the lien states that payment was to be made 35 days after the completion of the building the due date of the final payment was December 18, 1922, and the filing of the lien on December 15, 1922, was therefore premature as no sum of money was due at that time, for which reason there was no lien and the trial court was correct in not decreeing one to exist. We see no merit in this contention. The amount was certainly due after the completion of the building on November 13, 1922, as evidenced by the notice of acceptance, though not payable until 35 days thereafter. It therefore contained no incorrect statement. The statute provides that a claim of lien on behalf of a general contractor must be filed within 60 days after completion (Code Civ. Proc., sec. 1187). ■ The word "within" as used in the statute means "not beyond" and any act is within the time named when it does not extend beyond it. (*French* v. *Powell*, 135 Cal. 636 [68 Pac. 92].) ■ The completion of the building marks the starting point of the time within which liens may be filed. (*Jones* v. *Kruse*, 138 Cal. 613 [72 Pac. 146].) ■ A contractor, therefore, at any time, after the completion of his contract and until the expiration of 60 days, may file his notice of lien. (*Knowles* v. *Baldwin*, 125 Cal. 224 [57 Pac. 988].) Here the claim was filed 32 days after the acceptance of the building. It

was therefore properly filed. The validity of the lien was a material issue in the case upon which a finding should have been made. The lien being a valid one and there being no dispute as to the amount due, the case is remanded to the lower court with instructions to find accordingly and to enter judgment foreclosing the same.

Knight, J., and Parker, J., *pro tem.*, concurred.