YOUNG ET AL., APPELLANTS, *v.* WALDROP, RESPONDENT.

(No. 8,149.)

(Submitted January 9, 1941. Decided January 20, 1941.)

[109 Pac. (2d) 59.]

*Mr. Raymond E. Dockery* and *Mr. H. Leonard DeKalb,* for Appellants, submitted a brief, and argued the cause orally.

*Messrs. Booth & Booth,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiffs Young and Olson were the sureties on the appeal undertaking and stay bond of the appellants Maser in the case

of *Waldrop* v. *Maser*, 93 Mont. 612, 23 Pac. (2d) 417. That appeal was dismissed by this court for appellants' failure to file the transcript within the time provided by statute and court rule, and the trial court on the motion of Waldrop, the plaintiff and respondent in that case, thereupon entered summary judgment in his favor against the sureties as provided by section 9735, Revised Codes, and the undertaking.

The sureties thereupon attempted to appeal from the summary judgment, but the appeal was dismissed by this court for the reason that no appeal lies from a consent judgment and that if the judgment was erroneously entered or was based upon insufficient or invalid grounds, the proper remedy was by appropriate proceedings in the district court. (*Waldrop* v. *Maser*, 96 Mont. 242, 30 Pac. (2d) 83.)

The sureties then moved the district court in the original action for an order setting aside the summary judgment against them. The motion was denied but instead of appealing to this court the sureties filed an equity suit in the trial court to have the judgment against them vacated, and have now appealed from an adverse judgment in the latter suit.

The undertaking and stay bond in the original action was filed on March 9, 1932, nine days after the judgment, but the notice of appeal was not served and filed until August 29, 1932, exactly six months after the judgment. Section 9733, Revised Codes, provides that "the appeal is ineffectual for any purpose unless, *within five days after service* of the notice of appeal, an undertaking be filed," etc. Appellants contend that the requirement that the undertaking be filed "within five days after service" means that it cannot be done before the service; that it means "not before service nor later than five days after service," and that it fixes not only the last day for performance but also the first day.

The service and filing of the notice of appeal and not the undertaking initiates the appeal, and there is no appeal until the notice is served and filed, but in this case the undertaking, while filed before the notice, was still on file when the notice of appeal was finally served and filed. The respondent in the

original case did not question the validity of the undertaking or of the appeal, and the appellants in that action obtained all the benefits of stay and appeal for which the undertaking was executed by the sureties. But appellants contend that under the statute it could only be filed after the notice, and that because it was filed earlier and was not withdrawn and refiled afterward it is void and no valid judgment can be predicated on it, in spite of the fact that it accomplished all the desired results.

The matter being jurisdictional, it is possible that such an inequitable result might have to be recognized if the phrase necessarily, or even ordinarily, had the meaning contended for by appellants here. However, the great weight of authority is contrary to their contentions.

As used in many connections, the word "within" refers to all boundaries, but with reference to time it is defined by Webster's International Dictionary, second edition, as "not longer in time than; before the end *or* since the beginning of; as within an hour." We have placed the word "or" in italics to stress the fact that this part of the definition is in the disjunctive and not the conjunctive—that "within," as applied to time is defined as referring to only one limit. The remainder of the definition indicates, and reason shows, that "within" refers to the second of the disjunctive contingencies, only when used in some such expression as "within five days *before*," rather than "within five days *after*," since the latter expression is included in the first of the disjunctive contingencies.

A reference to 45 Words and Phrases, Permanent Edition, 383, 384, discloses that as used in this connection "within" means "not beyond" or "not later than;" that it includes only the final limit and not the starting point. Thus it is held that when time is spoken of, any act is "within" the time named that does not extend beyond it. (*Battersby* v. *Shepeard*, 89 Cal. App. 756, 265 Pac. 506; *French* v. *Powell*, 135 Cal. 636, 68 Pac. 92; *Live Oak Lumber Co.* v. *Farr*, 28 Cal. App. 641, 153 Pac. 741; *Dibble* v. *David Hodes Co.*, 132 Or. 596, 277 Pac. 820, 286 Pac. 554; *Sanborn* v. *Fireman's Ins. Co.*, 82 Mass. (16 Gray),

448, 77 Am. Dec. 419; *Levert* v. *Read,* 54 Ala. 529; *Guerney* v. *Moore,* 131 Mo. 650, 32 S. W. 1132; *Storing* v. *Stutsman,* 56 N. D. 531, 218 N. W. 223.)

In the California cases of *French* v. *Powell* and *Live Oak Lumber Co.* v. *Farr,* supra, the contention was made that a claim filed prior to the completion of the work was premature, where the statute provided that the claim should be filed "within thirty days from the time such work is completed," or "within thirty days after the completion of the whole work." But the court held that the term "within" did not fix both the beginning and the end of the time within which the claim must be filed, and did not preclude the filing of the claim before the completion of the work, but merely provided a limit beyond which the claim could not be filed.

In *Storing* v. *Stutsman, supra,* it was said that while in certain cases "within" may be susceptible of construction as fixing both beginning and ending of the period during which an act is to be done, its meaning in a statute depends upon the sense in which the législature used it, and that the requirement that garnishment summons and affidavit shall be filed "within ten days after service thereof on garnishee" means not later than ten days afterward, and does not forbid its filing before service.

In *Bellion* v. *Durand,* 39 Utah, 532, 117 Pac. 798, it was held that a motion for new trial made after verdict but before judgment was not premature, since the term "within ten days after judgment" fixed only the limit beyond which the motion might not be filed.

In *Young* v. *The Orpheus,* 119 Mass. 179, it was held that the statutory provision for filing a certificate "within four days from" vessel's departure did not preclude its filing before the departure; and in *Davies* v. *Miller,* 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932, it was held that the requirement that notice of objection be given "within ten days after" the ascertainment of customs duties did not make the objection premature if made before the final ascertainment. In the latter case the United States Supreme Court said that such an expression fixed a

*terminus ad quem* (to or at which) and not a *terminus a quo* (from which); in other words, that it limited the time after which a protest could not be made, but not the first point of time in which it might be made.

In *Williamson* v. *Egan,* 209 Cal. 343, 287 Pac. 503, the court reviewed the above cases and several others and came to the same conclusion, namely that such expressions do not attempt to limit the beginning of the period in which something may be done, but merely establish a limit after which it may not be done.

The same result must follow here. Our Code sections 4, 15 and 10520 provide that statutory provisions "are to be liberally construed with a view to effect their objects and to promote justice;" that words and phrases are, with certain exceptions not applicable here, to be "construed according to the context and the approved usage of the language;" and that "the intention of the legislature  *  *  *  is to be pursued if possible."

Here a construction that the filing of the undertaking before rather than after the notice did not make it void is in accordance with the approved usage of the language as defined by the above authorities. It is not contrary to the context or to the apparent intention of the legislature, since there is nothing in the statute to indicate that the legislature considered at all material the order in which the two acts should be done, but merely granted appellants five more days to obtain and file undertakings than to serve and file notices of appeal. Certainly a respondent is not injured because an appellant waives the additional time by filing the undertaking simultaneously with, or prior to, the notice. A liberal construction of the statute is therefore obligatory in order to effect its object and to promote justice. The desired purposes of the undertaking to effectuate the stay and the appeal having been accomplished, justice is to be promoted, not by a strict construction so as to deny recovery upon it, but by a liberal construction as required by section 4, Revised Codes.

The respondent contends that the appellants' action in moving the trial court in the original suit to set aside the sum-

mary judgment, and their failure to appeal from the adverse order, constituted an election of remedies precluding them from the remedy sought by this separate equity action. However, our disposal of the main question precludes us from considering the latter point, since in any event the appellants cannot prevail.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.