2001 UT 41

**STATE of Utah, Plaintiff and Appellee,**

v.

**Bryan GARDNER, Defendant and Appellant.**

No. 990569.

Supreme Court of Utah.

May 18, 2001.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Dean N. Zabriskie, Provo, for defendant.

HOWE, Chief Justice:

¶ 1 The State has raised a jurisdictional issue in this appeal by a motion to dismiss for lack of jurisdiction, which defendant opposes. We deferred ruling on the motion and directed that the parties brief the issue for plenary review. We address this procedural issue for the guidance of the trial courts in this state.

## PROCEDURAL HISTORY

¶ 2 Defendant was charged with two counts of attempted aggravated sexual abuse of a child. He entered pleas of not guilty. In March 1998, the trial court denied defendant's motion to suppress and ruled that he had voluntarily and knowingly waived his *Miranda*,[1] rights. In November of that year, he entered conditional guilty pleas to the two counts, but reserved the right to appeal the denial of his motion to suppress and the right to withdraw the pleas if he prevailed on appeal.[2] Three days earlier, defendant had moved to reconsider his motion to suppress based on what he asserted was new evidence that he discovered after his motion to suppress had been earlier briefed and denied.

¶ 3 On February 26, 1999, defendant was sentenced to two prison terms, and the trial court signed his judgment, sentence, and commitment. On that day, the trial court also allowed him to amend his previously filed motion to reconsider as an amended motion to reconsider his motion to suppress. After imposing sentence, the trial court noted in its ruling "that the time for appeal does not begin until the court has ruled on the clarification of the [amended] motion [to suppress]."

¶ 4 The State filed its memorandum in opposition to defendant's amended motion on April 5, 1999, and on May 12, the trial court denied the amended motion. The court instructed counsel for the State to prepare an order reflecting its ruling. No such order appears in the record. Defendant appealed on June 11, 1999.

## ANALYSIS

¶ 5 In its motion to dismiss, the State essentially argues that defendant should have appealed within thirty days of February 26, 1999, the date on which he was sentenced. According to the State, the motion to reconsider did not fall under post-judgment motions that toll the time for appeal under rule 4(b) of the Utah Rules of Appellate Proce-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. This procedure is permitted by rule 11 of the Utah Rules of Criminal Procedure and *State v. Sery*, 758 P.2d 935, 938–39 (Utah Ct.App.1988).

dure, nor under rule 4(e), which allows for specified extensions of time to appeal. Defendant counters that the trial court took the motion to suppress under advisement and specifically noted that the time for appeal would run from its order on that motion. He contends that his motion was in substance a motion to alter findings and amend conclusions and judgment as authorized by rule 59 of the Utah Rules of Civil Procedure, and that the time for appeal was tolled.

¶ 6 Rule 1(b) of the Utah Rules of Criminal Procedure states: "These rules are intended and shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary expense and delay." Our decision is tailored accordingly.

 ¶ 7 As we have done in civil cases, we construe defendant's motion for reconsideration in this case as a motion for new trial. *See Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061 (Utah 1991) ("exception to order and motion for reconsideration" was properly treated as motion for new trial). Rule 24(b) of the Utah Rules of Criminal Procedure sets down the criteria under which a motion for a new trial may be brought and grants the trial court discretion to "postpone the hearing on the motion for such time as it deems reasonable." *See* Utah R.Crim. P. 24(b).

 ¶ 8 We further construe defendant's amended motion, which bears the same date as the judgment, sentence, and commitment, as a motion filed in response to the imposition of sentence. A motion under rule 24(c) of the Utah Rules of Criminal Procedure must be brought within ten days *after* imposition of sentence. Defendant initially pleaded not guilty. After the trial court first denied his motion to suppress, he changed his plea to guilty on condition that he could appeal from the denial and withdraw his guilty plea if successful on appeal. Stated differently, defendant would not have pleaded guilty but for the first denial of his motion to suppress. His amended motion filed on the day of sentencing was one more attempt to change the trial court's previous ruling on "supplemented grounds."

¶ 9 If a timely motion is brought under rule 24 of the Utah Rules of Criminal Procedure, the time for appeal "shall run from the entry of the order denying a new trial." Utah R.App. P. 4(b). The trial court entered its order of denial on May 12, 1999, and defendant appealed on June 11.

 ¶ 10 Notwithstanding the seeming regularity of that time frame, our inquiry does not stop here. The trial court specifically instructed counsel for the State "to prepare an Order consistent with this Court's Ruling and submit the same to the Court for review and signature at counsel's earliest opportunity." No such order appears in the record. We have held previously that an appeal filed before a formal post-judgment order is entered is ineffective and a new appeal has to be filed within thirty days *after* the entry of the formal order. *See Swenson Assocs. Architects v. State*, 889 P.2d 415, 417 (Utah 1994). We later applied the same rationale to criminal cases. *State v. Jiminez*, 938 P.2d 264, 265 (Utah 1997). In ruling on motions and directing counsel to prepare a formal order to reflect the ruling, it would be well for trial judges to make clear that the ruling is not final until the formal order is prepared and signed by the court. Inasmuch as no order has yet been prepared, defendant has not lost his appeal as of right and may therefore file a new appeal after the trial court signs and enters the formal order to be prepared by the State.

¶ 11 Defendant's appeal is dismissed without prejudice because it is premature and this court lacks jurisdiction.

¶ 12 Associate Chief Justice RUSSON, DURHAM, DURRANT, and WILKINS, Justices, concur in Chief Justice HOWE's opinion.