2002 UT 122

**STATE of Utah, Plaintiff and Respondent,**

v.

**George David PUTNIK, Defendant and Petitioner.**

No. 20010557.

Supreme Court of Utah.

Dec. 20, 2002.

Mark L. Shurtleff, Att'y Gen., J. Frederick Voros, Jr., Asst. Att'y Gen, Salt Lake City, for plaintiff.

J. Franklin Allred, L. Clark Donaldson, Salt Lake City, for defendant.

DURHAM, Chief Justice:

¶ 1 A jury convicted petitioner of possession of a controlled substance with intent to distribute, and possession of drug paraphernalia. After trial but before sentencing, petitioner filed a motion for arrest of judgment under rule 23 of the Utah Rules of Criminal Procedure or, in the alternative, a motion for a new trial under Utah Rule of Criminal Procedure 24. On January 25, 2001, the court imposed sentence and entered a judgment of conviction. On February 12, 2001, the trial court denied petitioner's pending motions. On March 5, 2001, petitioner filed a notice of appeal. The court of appeals dismissed the appeal for lack of jurisdiction because petitioner failed to file his notice of appeal within thirty days of his sentence. *State v. Putnik*, 2001 UT App 182, 2001 WL 625041 (per curiam memorandum decision). We granted certiorari and affirm.

### ANALYSIS

¶ 2 The court of appeals had jurisdiction over petitioner's notice of appeal only if he complied with the language of either rule 4 of the Utah Rules of Appellate Procedure or rule 24(c) of the Utah Rules of Criminal Procedure. Rule 4 requires that petitioner must have filed his notice "within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). Petitioner was sentenced on January 25, 2001. He did not file his notice of appeal until March 5, 2001, after the thirty-day period had expired.

¶ 3 As the court of appeals noted, under rule 23 of the Utah Rules of Criminal Procedure, "a motion to arrest judgment may be filed prior to imposition of sentence as was Putnik's." *Putnik*, 2001 UT App 182 at ¶ 1, 2001 WL 625041. Under Utah Rule of Appellate Procedure 4(b), however, such a motion does not toll the appeal period. *See* Utah R.App. P. 4(b). A notice of appeal filed outside the thirty day period may nonetheless be valid under rule 4(b). The rule states, "[I]f a timely motion under the Utah Rules of Criminal Procedure is filed in the trial court under rule 24 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial." Utah R.App. P. 4(b).

¶ 4 Petitioner argued that his appeal was timely because he filed it within thirty days of the date on which the trial court denied his motion for a new trial. Because an appeal made within thirty days from the entry of the order denying a new trial is timely as long as the motion for a new trial was filed in the proper time frame, the critical question is whether petitioner's motion for a new trial was timely.

¶ 5 Rule 24(c) of the Utah Rules of Criminal Procedure governs the time frame for filing a motion for a new trial. It clearly states that a motion for new trial "shall be made within 10 days after imposition of sentence, or within such further time as the court may fix during the ten-day period." Utah R.Crim. P. 24(c). Here, petitioner filed his motion for a new trial *before* imposition of sentence. In *State v. Vessey*, the court of appeals held that a motion for a new trial filed prior to the imposition of sentence was not timely. 957 P.2d 1239 (Utah Ct.App. 1998). The court of appeals explained that "The rule does not provide for timeliness of motions filed . . . prior to entry of judgment . . . . Rather, rule 24 requires that a motion for new trial be filed within ten days after imposition of sentence." *Id.* at 1240 (footnote omitted).

¶ 6 We implicitly upheld *Vessey* in *State v. Gardner*, 2001 UT 41, 23 P.3d 1043. There, we construed a motion to reconsider a motion to suppress as a motion for a new trial. *Id.* at ¶ 7, 23 P.3d 1043. We further construed

that motion to be in response to the imposition of sentence. *Id.* at ¶ 8, 23 P.3d 1043. We explained that we did so because "[a] motion under rule 24(c) of the Utah Rules of Criminal Procedure must be brought within ten days after imposition of sentence." *Id.*

¶ 7 "When interpreting statutes, we determine the statute's meaning by first looking to the statute's plain language, and give effect to the plain language unless the language is ambiguous." *Wilson Supply, Inc. v. Fradan Mfg. Corp.*, 2002 UT 94, ¶ 14, 54 P.3d 1177 (internal quotation and citation omitted). *Webster's New College Dictionary*, 1155 (1995) defines "timely" as "occurring at a suitable or opportune time." "Untimely" includes in its definition that which is "occurring too soon; premature." *Id.* at 1211.

¶ 8 Here, as in *Vessey*, petitioner filed a motion for a new trial after verdict, but before the trial court sentenced him. Petitioner's motion was premature, and thus untimely. Petitioner was therefore required to file his notice of appeal within thirty days of the January 25th sentencing date, rather than within thirty days of the February 12th disposition of his motion for a new trial.

¶ 9 Petitioner argues that *Vessey* was wrongly decided and that *Bellion v. Durand*, 39 Utah 532, 117 P. 798 (Utah 1911), should control the interpretation of the timing procedure in the rule. In *Bellion*, the court addressed whether a motion for a new trial, filed after verdict but before judgment, was timely under a civil statute, Compiled Laws 1907, section 3742. *Id.* at 798. In *Bellion*, the court noted that the motion was based on a charge of insufficiency of evidence to justify the verdict. *Id.* at 799. The court reasoned that "insufficiency of the evidence assails the verdict . . . not the judgment" and that thus it is timely to file a notice of appeal after verdict but before judgment. *Id.*

¶ 10 *Bellion* has no application to this case. *Bellion* was written in 1911, long before enactment of the current Utah Rules of Criminal Procedure. Utah R.Crim. P. 1 (compiler's notes). More importantly, *Bellion* concerned a civil statute, rather than a criminal statute, and construed a different

rule. 117 P. at 798. The rules governing civil actions do not control the procedures followed in criminal cases when there is an applicable criminal rule. Because petitioner did not file his motion for a new trial within the time frame mandated in rule 24, he was required to file his motion for appeal within thirty days of sentencing. He failed to do so. The court of appeals properly dismissed his appeal for lack of jurisdiction.

¶ 11 Associate Chief Justice DURRANT, Justice HOWE, Justice RUSSON, and Justice WILKINS concur in Chief Justice DURHAM'S opinion.