THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HOWARD WILEY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1189

Opinion filed April 25, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

"* * * the State with all its resources and power should not be

allowed to make repeated attempts to convict an individual * * * thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 1119.

The defendants, Howard Wiley, Cleotha Jackson, and Ray Powell, were charged with theft in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)) and possession of a stolen vehicle in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)). The State planned to call three witnesses to testify before the jury: the arresting officer—who was the only occurrence witness—the car's owner and an expert in automobile valuation. After eliciting the testimony of the police officer, the State sought an overnight recess in order to bring in its remaining two witnesses. The State's request was denied. The trial judge then, on his own unprompted motion, announced:

"Let the record show that we have recessed here for the jury at twenty minutes to four. The court advised the State yesterday to present other witnesses, if he had any more to present; therefore, the case is dismissed and the defendants are found acquitted. The case is out."

On the State's appeal from the trial judge's order, the defendants raise the controlling issue which we must confront—whether if this court were to order the defendants tried a second time, as the State contends we should, they would be subjected to double jeopardy in violation of their constitutional rights. In determining the validity of a double jeopardy issue, it is necessary to examine the facts and circumstances of each particular case, for under some circumstances, a second trial may not be barred. *Illinois v. Somerville* (1973), 410 U.S. 458, 464, 35 L. Ed. 2d 425, 431, 93 S. Ct. 1066, 1070; *People ex rel. Mosley v. Carey* (1978), 74 Ill. 2d 527, 387 N.E.2d 325.

The trial judge's action in this case can be interpreted in two ways. The defendants contend the order was in fact an acquittal based upon the trial judge's own interpretation of the merits of the case. They argue that the judge made his decision after realizing that the officer's testimony was insufficient to establish their guilt, and that neither of the two remaining witnesses could offer further incriminating evidence. This, the defendants assert, is tantamount to an acquittal notwithstanding any possible procedural irregularities.

The State, on the other hand, contends that the judge's action was not based upon the defendants' guilt or innocence, but instead it was a dismissal of the complaint attributable to judicial indiscretion. The State

maintains that regardless of the judge's characterization of his order as an acquittal, in substance his order merely had the effect of dismissing the complaint, and this has been held an appealable order. (*People v. Martin* (1977), 67 Ill. 2d 462, 367 N.E.2d 1329; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819.) Moreover, the State, citing section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(k)), contends that since it had not yet rested its case, the judge's decision cannot be a directed verdict of acquittal. The State insists that the trial judge ordered the dismissal to penalize the State for its failure to comply with earlier court orders directing that the remaining witnesses be available to testify on the day the court dismissed the case.

Irrespective, however, of whether the defendants' or the State's explanation of the trial judge's act is the accurate one, a second trial would subject the defendants to double jeopardy.

■■ If the judge's order is accepted as an unequivocal acquittal of the defendants, there is no doubt that a retrial is prohibited. The Supreme Court stated in *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1354, that "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal * * * could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' [Citations.]"

■■ A new trial is prohibited even if the acquittal was contrary to the evidence, for questions regarding the merits of an acquittal are not germane to a double jeopardy claim. In *Fong Foo v. United States* (1962), 369 U.S. 141, 7 L. Ed. 2d 629, 82 S. Ct. 671, the Supreme Court held that an acquittal ordered as a result of judicial error after jeopardy attached, was not reversible so as to justify a new trial. The court stated that "[t]he Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, '[t]he verdict of acquittal was final, and could not be reviewed * * * without putting [the petitioners] twice in jeopardy, and thereby violating the Constitution.' [Citation.]" *Fong Foo*, 369 U.S. 141, 143, 7 L. Ed. 2d 629, 631, 82 S. Ct. 671.

■■ The State's interpretation of the judge's decision as merely a dismissal of the complaint presents more complex problems than an outright acquittal. In such instances the double jeopardy clause does not always act as an absolute bar to a second trial. (See *United States v. Scott* (1978), 437 U.S. 82, 56 L. Ed. 2d 168, 98 S. Ct. 2187; *Lee v. United States* (1977), 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141.) There are no fixed rules governing when a retrial is precluded if the initial proceeding is aborted prior to verdict without the defendant's consent. As stated by the Supreme Court in *United States v. Jorn* (1971), 400 U.S. 470, 480, 27 L.

Ed. 2d 543, 554, 91 S. Ct. 547, "[T]his Court has, for the most part, explicitly declined the invitation of litigants to formulate rules based on categories of circumstances which will permit or preclude retrial."

■ Second trials have been allowed in instances where the trial judge's termination of the initial trial was based upon a manifest necessity, or where the ends of public justice would otherwise be defeated. At the same time, the Supreme Court has admonished that such discharges "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes * * *." (*United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165.) The standard of manifest necessity first promulgated in 1824 in *Perez*, and thereafter applied by both State and Federal courts, and recently discussed by the Supreme Court in *Jorn*, "stands as a command to trial judges not to foreclose the defendant's option [of having his trial completed by the initial tribunal] until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." (*Jorn*, 400 U.S. 470, 485, 27 L. Ed. 2d 543, 557, 91 S. Ct. 547.) Thus, if the termination of the instant proceeding was the result of judicial indiscretion, as the State contends in this court, *Perez* and *Jorn* mandate that the defendants not be subjected to reprosecution.

In support of a second trial, the State refers to the decisions in *Lee v. United States* and *United States v. Scott*, where the court allowed the retrial of two formerly dismissed defendants. In both of these cases, however, the termination of the initial proceeding was the consequence of the allowance by the trial judge of the defendants' own motions; and similarly in the recent Illinois Supreme Court opinion in *People ex rel. Mosley v. Carey*, a mistrial was declared only after the defendant expressly withdrew his earlier stated objection to a mistrial. This differs from the present case where the defendants presented no motion and in fact sat as silent observers while the trial judge, *sua sponte*, reached his decision. This difference is significant, for where the trial judge before the introduction of evidence has been completed, "acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.' [Citation.]" *Jorn*, 400 U.S. 470, 484, 27 L. Ed. 2d 543, 556, 91 S. Ct. 547; see also *United States v. Dinitz* (1976), 424 U.S. 600, 47 L. Ed. 2d 267, 96 S. Ct. 1075.

■ The defendants, as in *Jorn*, did nothing to initiate the dismissal of the case. It was the sole, unprompted act of the trial judge. The defendants' only role in their acquittal was their silence. To allow a second trial under these circumstances would force defendants, in similar situations, to object to their own acquittal in order to avoid retrial. Merely stating that proposition demonstrates how absurd and unrealistic such a rule would make the law appear.

Under the facts in this case, whether the trial judge's action is viewed as an acquittal or as a dismissal resulting from judicial indiscretion, the defendants cannot be retried. Accordingly, the appeal is dismissed.

Appeal dismissed.

McGILLICUDDY and RIZZI, JJ., concur.