603 P.2d 917

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, IN AND FOR the COUNTY OF PIMA, and the Honorable Robert O. Roylston, Judge of the Superior Court, Division III, Respondent,

and

Rosario GRANDINETTI and Shelly Hendrix, Real Parties in Interest.

No. 2 CA–CIV 3252.

Court of Appeals of Arizona, Division 2.

July 19, 1979.

Rehearing Denied Sept. 5, 1979.

Review Granted Sept. 25, 1979.

Stephen D. Neely, Pima County Atty., by Jeffrey D. Ross, Deputy County Atty., Tucson, for petitioner.

Charles L. Weninger, Tucson, for real party in interest Grandinetti.

Thikoll, Johnston & Rosen, by Leon Thikoll, Tucson, for real party in interest Hendrix.

OPINION

HATHAWAY, Judge.

The state has brought this special action to challenge the respondent court's entry of modified verdicts finding the real parties in interest guilty of armed robbery, rather than armed robbery while armed with a gun. Since the state is without a remedy by appeal, and because we believe the court acted in excess of its jurisdiction, we assume jurisdiction and grant relief.

The real parties in interest are defendants in Pima County Superior Court Cause No. A–34779, having been indicted on charges of first-degree conspiracy in violation of A.R.S. §§ 13–331(A), as amended, and 13–1647, as amended; unlawful offer to sell narcotic drugs, to-wit: heroin valued at not less than $250, in violation of A.R.S. § 36–1002.02(A) and (D), as amended, and 36–1002.10; armed robbery while armed with a gun, in violation of A.R.S. §§ 13–641, 13–643(B), as amended; and assault with deadly weapon or force, in violation of A.R.S. § 13–249(A), as amended.

The issue of defendant Grandinetti's guilt on the charges of conspiracy and armed robbery while armed with a gun was submitted to the court on the basis of the grand jury transcript and discovery material. As part of the agreement, the state was

 

to dismiss the count of unlawful offer to sell narcotic drugs, valued at not less than $250. The issue of defendant 'Hendrix' guilt on the charge of armed robbery while armed with a gun was submitted to the court on stipulated evidence, and as part of the agreement, the state was to dismiss the conspiracy, the unlawful offer to sell narcotic drugs, and assault counts. The respondent court found the defendants guilty as charged in the indictment of armed robbery while armed with a gun. The evidence is uncontradicted that a gun was used in the commission of the crimes. On March 28, 1979, after reviewing the presentence reports, the court set aside the original findings of guilt and found both defendants guilty of armed robbery. They were placed on probation for five years.

It is clear from the record that the court's motive for reconsideration and modification was to avoid the mandatory sentencing provisions of A.R.S. § 13–643(B). The minute entry of March 28, 1979, states in part:

"The Court, after receipt of the Pre-sentence Reports, realized that the conviction of the charge stated in the original Indictment on Count III would not permit the consideration of probation and required a mandatory sentence . . ."

Rule 24, Rules of Criminal Procedure, 17 A.R.S., sets forth the trial court's jurisdiction in post-trial motions. An exercise of that jurisdiction is permissible only upon the grounds specified therein. *State v. Falkner*, 112 Ariz. 372, 542 P.2d 404 (1975). Rule 32.1, Rules of Criminal Procedure, 17 A.R.S., states the grounds upon which the trial court may grant relief from a judgment.[1] The ground upon which the trial court modified the finding of guilt cannot be found under either rule.

The original judgment as set out in the minute entry of November 21, 1978, finding the defendants "guilty of armed robbery as charged in Count III" of the indictment,

that is, armed robbery while armed with a gun, is hereby reinstated and the case is remanded for sentencing in accordance with that judgment. To hold otherwise would be to provide the trial court with a method whereby it could circumvent the mandatory sentences that the legislature has seen fit to require.

The double jeopardy argument raised by defendants is without merit. Where the effect of our action is to reinstate the original finding of guilt without subjecting a defendant to a second trial before a second trier of fact, there is no double jeopardy. *State v. Allen*, 27 Ariz. App. 577, 557 P.2d 176 (1976), citing *U. S. v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

Relief granted.

RICHMOND, C. J., and HOWARD, J., concurring.

---

1. In *State v. Zebrowski*, 24 Ariz.App. 452, 539 P.2d 926 (1975), approved, 112 Ariz. 433, 543 P.2d 119 (1975), we noted that *State v. Lopez*, 96 Ariz. 169, 393 P.2d 263 (1964), no longer was viable since we now have specific rules for post-conviction relief.