[No. 1501-2.    Division Two.    June 27, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE CURRY, *Appellant.*

*K. Michael Jennings* and *Jennings & Westbrook*, for appellant.

742

Donald F. Herron, Prosecuting Attorney, and Michael R. Johnson, Deputy, for respondent.

JOHNSON, J.*—At approximately 1 a.m. three employees of a McDonald's restaurant, as they were closing for the night, were accosted by two black males with stockings over their faces and carrying shotguns. The employees were forced back into the restaurant, two were tied up, and the third, the manager, was forced to open the safe, from which the robbers took considerable cash. They then left, taking the keys for his car from one employee, and drove off in the employee's car.

The police were notified and the employee's car was spotted at the King Plaza Apartments. As the officers stopped to investigate the car, they noticed a yellow Toyota leaving the parking lot, they pursued the Toyota, and stopped it a short distance away. As the Toyota stopped, a passenger in the front seat jumped out and escaped. A shotgun was thrown out of the car. The driver was Patricia White, and in the back seat was Cornelius Clarkston May. Also found in the car was a pillow case containing the money and the wallets taken in the robbery.

Cornelius Clarkston May, after being taken to the police station, confessed the robbery, and in a statement taken by Officer Hanson related all of the details of the robbery, naming the appellant as the other black man who participated in the affair.

May and the appellant were charged by information on two counts—robbery and the unlawful taking of a motor vehicle. May pleaded guilty. The appellant was tried and the jury returned a verdict of guilty on both counts.

Patricia White testified for the State. May was called as a witness for the State, to testify as to the facts he had related in his confession. However, he denied that the appellant was involved. He testified that the other participant was a Robert Johnson. The State claimed surprise and the

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

court permitted extensive examination by the State in laying a foundation for impeachment.

■ Appellant now complains that the court committed error in permitting the impeachment to continue beyond an appropriate and proper end of the inquiry. In *Webb v. Seattle*, 22 Wn.2d 596, 610, 157 P.2d 312 (1945), the court stated:

> The first step in the process is to lay the foundation for such proof by asking the witness the specific question whether he ever made the statement which the examining counsel proposes to use against him. When the attention of the witness is called to what it is claimed he had previously said, the time when, the place where, and the person with whom the alleged conversation was had, should be stated. If the witness, without explanation or qualification, admits having made the statement, that is the end of the inquiry, . . .

The important words in that quotation so far as this case is concerned are "without explanation or qualification." Here the statement of facts, which we have carefully read, reveals that the appellant did not unqualifiedly or without explanation admit the previous inconsistent statement. Rather, he was equivocal, evasive, uncooperative, and had lapses of memory. He admitted his signature appeared on his prior statement, but claimed he did not read parts of it, nor could he remember what he had said. It was extremely difficult to lay a foundation. In this respect, the court has considerable discretion. *McCall v. Washington Co-operative Farmers Ass'n*, 35 Wn.2d 337, 212 P.2d 813 (1949). Under the circumstances of this case, it was not abuse of discretion to permit extensive examination.

The appellant claims error on the failure of the court to admonish the jurors at both the onset and during additional questioning of the State's witnesses, May and Detective Hanson, as to the purpose and weight to be given the impeachment inquiries.

■ Immediately at the close of the impeachment inquiries and the testimony of Detective Hanson as to the previous statement of appellant, the court fully and ade-

quately instructed the jury as to the purpose and weight to be given to the impeachment inquiries and specifically instructed the jury that the "evidence is not to be weighed by you . . . as to the guilt or innocence of the defendant."

The appellant made no request for an admonishing instruction at the onset of the inquiry. In addition, the court suggested to counsel that he should prepare an admonishing instruction, which he did, and the court gave such instruction—No. 24. *State v. Green*, 71 Wn.2d 372, 428 P.2d 540 (1967); *State v. Jefferson*, 6 Wn. App. 678, 495 P.2d 696 (1972).

We have found no case, nor has appellant cited any authority, which requires the court to admonish the jury prior to the onset or during the laying of a foundation for impeachment. We are of the opinion that the court did not commit error in either the manner or content of its admonishing instructions.

Appellant claims error on the part of the court in suggesting to the State the proper order of proof to lay a foundation for impeachment. The statement of facts discloses that the written confession of Mr. May was marked as an exhibit for identification and then offered in evidence by the State. An objection was interposed by defense counsel on the grounds that a proper foundation had not been laid.

The court sustained the objection, suggested to the State's counsel that it was premature, and directed that Mr. May be recalled to lay the foundation for impeachment. Without objection, Mr. May was called and testified.

■ This was not error. The court in conducting a trial is more than a mere umpire. It has discretion concerning such matters as order of proof. In the case of *State v. Jefferson*, *supra*, the appellate court approved of the trial court's suggestion of recalling a witness to lay a foundation for impeachment.

Appellant claims he did not receive a fair trial by reason of the claimed errors set forth above.

As the court stated in *State v. Green, supra* at 373:

No matter how devotedly the courts strive for perfection, it is bound in some degree to elude them. The perfect trial probably is yet to be held. . . . In the last analysis, the final measure of error in a criminal case should be: Was the defendant afforded, not a perfect but, rather, a fair trial?—for the constitution guarantees no one a perfect trial.

We are convinced the defendant had a fair trial.

Judgment affirmed.

LEAHY (A.C.J.) and RUMMEL, JJ. Pro Tem., concur.

Petition for rehearing denied August 21, 1975.

Review denied by Supreme Court October 7, 1975.