Paul M. GARDNER, Plaintiff
and Appellant,

v.

Shannadean Dipo CHRISTENSEN,
Defendant and Respondent.

No. 16615.

Supreme Court of Utah.

Dec. 16, 1980.

L. Benson Mabey of Burbidge, Mabey & Mitchell, Salt Lake City, for plaintiff and appellant.

Walter R. Ellett, Murray, for defendant and respondent.

WILKINS, Justice:

Plaintiff brought action for damages for breach of an option agreement. Defendant's liability was determined on plaintiff's motion for partial summary judgment, and the case was tried on the issue of damages only before the District Court for Salt Lake County, sitting without a jury. Plaintiff appeals from judgment entered in his favor in the amount of $2,000, alleging insufficiency of the judgment.

One Michael Heyrend obtained an option from defendant for the purchase of certain real property located in Salt Lake County, at the purchase price of $80,000. Plaintiff ultimately succeeded to Heyrend's interest therein. One thousand dollars was paid for the option, which amount was to be credited against the purchase price if the option was exercised. Later, an extension of the time in which to exercise the option was obtained by Heyrend upon payment of another $1,000, which was to be similarly credited against the purchase price. By the terms of this extension, the option could be exercised at any time on or before October 18, 1977.

Defendant's property was part of a package of three parcels of real property, owned by separate owners, which Heyrend contemplated developing into a complex of residential duplexes and office buildings. Defendant's property is located on the inside of the block, having access only by a narrow right-of-way from 4500 South Street. Heyrend therefore negotiated with the DeGooyers for the purchase of a lot owned by them, which fronted on 900 East Street, and abutted defendant's property at its rear. Heyrend executed an earnest money agreement for the purchase of this lot. A third piece of property was also involved, but the DeGooyer lot was most important, as the entire tract would then be situated on a county road, a condition necessary under a Salt Lake County ordinance in order to obtain building permits. The proposed development of her property was disclosed to defendant at the time of the execution of the option agreement.

During the five months the option agreement was exercisable, Heyrend expended certain amounts, including those paid to an engineer for plans of the development, which plans were submitted to the Salt Lake County Commission as a first step in obtaining building permits for the complex. Plaintiff claims all of these amounts so expended as special damages.

On August 3, 1977, Heyrend entered into an earnest money agreement with Probe Construction Co. (of which plaintiff was president) for the sale of all of Heyrend's interest in defendant's property, the DeGooyer property and the third parcel. This earnest money agreement expired by its terms on September 15, 1977. No evidence was produced by plaintiff that this agreement was renewed prior to plaintiff's exercise of the option here at issue on October 18, 1977, nor that plaintiff himself or Probe Construction Co. had any interest in either the DeGooyer property or the third parcel on this critical October 18th date. The option to purchase defendant's property was exercised, as noted, on October 18, 1977, but defendant refused to sell the property under the terms of the option.

At the trial, plaintiff submitted two appraisals on the market value of defendant's property and defendant submitted one. Plaintiff's first appraiser found that defendant's property, when considered in conjunction with the DeGooyer property, had a value of $114,600. Plaintiff's second appraiser appraised defendant's property at $114,562 when considered in conjunction with the DeGooyer lot, and at $81,339 without the access by way of the DeGooyer property. Defendant's appraiser found that defendant's property had a value of $80,000. He testified that the property would have a higher value if it had the larger access to 900 East Street.

The District Court found that the fair market value of the defendant's property was $80,000 on the date of the breach of the option, and that the defendant had agreed to sell the property for $80,000 of which $2,000 had been paid for the option, which was to be applied on the purchase price. Judgment was granted to plaintiff for damages in the amount of $2,000, the difference between the amount remaining on the contract price ($78,000) and market value ($80,000).[1]

■ On appeal, plaintiff contends that the Court erred in determining the market value of the subject property without the advantage of the access by way of the DeGooyer property. He also argues that the Court erred in denying plaintiff all of the costs expended by Heyrend as reasonable expenses incurred in reliance on the option. But as the evidence shows that plaintiff had no interest in any property other than defendant's and further does not show that plaintiff assumed any of the costs expended by Heyrend, plaintiff's arguments are without merit.

■ Plaintiff's last argument, that the Court abused its discretion in denying his motion to reopen to present evidence of reasonable attorney's fees has merit.

1. *Beckstrom v. Beckstrom*, Utah, 578 P.2d 520 (1978); *Smith v. Warr*, Utah, 564 P.2d 771 (1977); *Bunnell v. Bills*, 13 Utah 83, 368 P.2d 597 (1962).

This Court has previously held that an award of attorney's fees must be supported by evidence in the record, or a stipulation between the parties. *F.M.A. Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965). Here, plaintiff rested without submitting evidence of reasonable attorneys' fees. At the beginning of his closing arguments, plaintiff's counsel moved to reopen for the purpose of presenting himself as a witness to prove these fees. The Court denied this motion. In its findings of fact, the Court found that plaintiff was entitled to reasonable attorney's fees under the option,[2] but denied an award therefor since there was no evidence in the record on which to base it.

A motion to reopen to take additional evidence is addressed to the sound discretion of the Court.[3] Nevertheless, such discretion may not be exercised in a capricious and arbitrary manner which produces an inequitable or unjust result.[4] The introduction of this evidence, where the proposed witness was present in court, would have caused only a trifling delay and, inasmuch as defendant's rights would not have been prejudiced thereby, the motion to reopen should have been granted.[5]

The judgment of the District Court is affirmed, except for its denial of attorney's fees, and this case is remanded to that Court for the purpose of taking evidence and determining reasonable attorney's fees. Each party to bear his or her own costs.

CROCKETT, C. J., STEWART and HALL, JJ., and BRYANT H. CROFT, District Judge, concur.

MAUGHAN, J., does not participate herein.

---

2. The option specifically provided for payment of attorney's fees by a breaching party.

3. *Lewis v. Porter*, Utah, 556 P.2d 496 (1976).

4. *Davis v. Riley*, 20 Utah 2d 325, 437 P.2d 453 (1968).

5. *Ross v. Leftwich*, 14 Utah 2d 71, 377 P.2d 495 (1963). See also, *Glass v. Carnation Co.*, 60 Wash.2d 341, 373 P.2d 775 (1962).