THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE WAGNER, Defendant-Appellant.

First District (4th Division) No. 80-967

Opinion filed October 8, 1981.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and James B. Koch, Assistant State's Attorneys, of counsel), for the People.

1052

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Following a bench trial, defendant Lawrence Wagner was convicted of attempt to commit the offense of arson (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4 and 20—1(a)), and sentenced to a term of 2 years in the Illinois Department of Corrections. The narrow issue before this court is: where the trial court grants a pretrial defense motion to suppress evidence, and within the 30-day period during which the State may perfect an interlocutory appeal therefrom (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)), the trial court grants a prosecution motion to vacate and reconsider the suppression order, is the State required to rest on the evidence presented at the first hearing or may the State introduce any evidence including that which was either newly discovered or known, but not introduced, at the first hearing.

We affirm.

Defendant herein was arrested without a warrant in an alley next to a garage. Two police officers observed him crouched down next to the garage in an alley, holding a light which he extinguished as he got up. The officers recognized the man as defendant and ordered him to stop, but he moved away. The officers apprehended defendant, noticed the odor of a petroleum product and discovered a bottle containing a white liquid, a book of matches and a cigarette lighter in his possession.

Defendant made a pretrial motion to prevent the introduction into evidence of the bottle, the matches, and the cigarette lighter. Following a hearing on the motion, the trial court ruled that the State failed to prove that the police had probable cause to effectuate a warrantless arrest of defendant and granted his motion to suppress. On the day that order was entered, the State made an oral motion to vacate the suppression order and to reconsider the motion; 8 days later the State filed a written motion and memorandum in support thereof. At the hearing on the State's motion for reconsideration, the State argued that the trial court retained jurisdiction to review the appealable suppression order for 30 days. Further, that if the trial court reopened the hearing, the State was entitled to introduce both evidence which was unavailable at the first hearing and evidence which was known but not introduced at that time. The defense acquiesced in the court's retention of jurisdiction to review its order for 30 days. However, defendant's position was that the State could not introduce additional evidence unless it demonstrated that it had newly acquired evidence or that defendant misled the prosecution and caused it to refrain from introducing certain evidence.

In relying on *People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002, the trial court in this case concluded that, in addition to the State's inter-

locutory appeal remedy from the suppression order (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)), the trial court had the discretionary power to grant the State's motion to reopen the suppression hearing. The trial court also interpreted *People v. Latimore* (1978), 67 Ill. App. 3d 243, 384 N.E.2d 829, as authorizing the introduction of new evidence, including that which was known, but not introduced, at the time of the initial hearing, in opposition to defendant's motion to suppress.

At the reopened hearing, the State recalled as a witness the arresting police officer who testified that at the time of the arrest, he was aware of a series of 10 garage fires in alleys at nighttime within one block of the scene of the arrest. He also was aware from his commanding officer's message book that the police officers were to pay special attention to defendant who was known and wanted for committing arsons. The trial court then denied the motion to suppress, inferring that the evidence was sufficient to establish that the police had probable cause to make a warrantless arrest of defendant.

I

Following the granting of a pretrial motion to suppress evidence the State is authorized to perfect an interlocutory appeal within 30 days of the entry of the suppression order. (Ill. Rev. Stat. 1979, ch. 110A, pars. 604(a), 606.) However, we find no authority to suggest that within the 30-day period the right to appeal is an exclusive remedy, precluding a petition for reconsideration. Nor do we find any authority for imposing a limitation on the introduction of evidence at a suppression hearing reopened as here, within that time. We have previously stated that public policy favors correction of errors at the trial level, and a timely motion to reconsider is an appropriate method to be utilized in directing the attention of the trial court to a claim of error. (*People v. Robins* (1976), 33 Ill. App. 3d 634, 636, 338 N.E.2d 222; *People v. Stokes* (1977), 49 Ill. App. 3d 296, 364 N.E.2d 300.) Therefore, we find that the trial court acted within the scope of its discretionary power in reopening the suppression hearing for additional evidence.

Defendant cites *People v. Taylor* (1972), 50 Ill. 2d 136, 277 N.E.2d 878, in support of his proposition that the doctrine of collateral estoppel in general bars the State from relitigation of a pretrial suppression order. *Taylor* addressed a factual situation wherein the State elected not to perfect an interlocutory appeal from a preindictment order suppressing evidence unlawfully seized. The Illinois Supreme Court affirmed the trial court's ruling that it was bound by the previous suppression order, and the State could not have that order reviewed by another trial judge after the expiration of its right to appeal. *Taylor* is therefore distinguishable.

## II

Defendant also contends that the State failed to prove him guilty beyond a reasonable doubt. However, that argument is predicated on a finding that the trial court erred in rehearing and denying his motion to suppress evidence which was introduced at the trial, and which contributed in substantial part to his conviction. We need not address this issue in view of our finding that the trial court had the discretionary power to reopen the suppression hearing within the time period in which the State could appeal.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.