For the reasons stated, I too would affirm the habitual criminal findings as to James Prater.

[No. 9034-8-I.   Division One.   November 2, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. GREGORY V. JAMES, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Timothy X. Sullivan, Deputy,* for appellant.

*Michael J. Trickey* of *Eastside Defender Association,* for respondent.

DURHAM, J.—On January 9, 1980, Gregory Vince James was arrested at his home, without an arrest warrant, by Officer Ikaksen of the King County Police on suspicion of stealing $6,000 from the safe of the Village Inn Restaurant. James was an employee there and had access to the combination of the safe. Police were particularly suspicious of James because of his impoverished state before the theft, the acquisition of expensive furniture and clothes afterwards, and some curious statements he made to fellow employees regarding his finances. James was charged with first degree theft and he moved to suppress evidence obtained from two receipts for the purchase of new furniture, which were taken from his wallet after his arrest.

James based the motion to suppress on two theories:

1. The warrantless arrest of James at his home was per se unreasonable in light of the recent United States Supreme Court decision in *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980). Because the arrest was unlawful, the search of the wallet could not be justified as a search incident to lawful arrest.

2. Even if the arrest was lawful, the warrantless search of James' wallet could not be justified as a search incident to lawful arrest.

In his memorandum in support of the motion, defense counsel did not challenge the existence of probable cause to arrest. At the hearing on the suppression motion, the State called two witnesses: Detective Wales, who conducted the underlying investigation and requested the arrest of the defendant, and Officer Ikaksen. Neither witness was questioned in any detail about the underlying probable cause to arrest James, either on direct or cross–examination. In his closing argument, defense counsel seemed to concede the issue of probable cause. Meanwhile, the prosecutor had excused his two witnesses to serve subpoenas for the trial on this case.

During a colloquy, the court, sua sponte, raised the question of probable cause for the first time. The prosecutor then requested a continuance to retrieve the witnesses for additional testimony on this issue. The court denied this motion, stating that it would be unfair to let the State reopen, and granted the motion to suppress.

Six days later, the State moved for reconsideration of the oral suppression order, and presented the affidavit of Detective Wales setting forth facts to establish probable cause to arrest James. The court denied the motion, stating that to do so would be to aid the prosecution because the court had already pointed out lack of probable cause in the State's case. The court granted defendant's motion to suppress, and then granted the State's motion to dismiss the case. The State assigns error to the trial court's suppression of the evidence and dismissal of the action.

■■ The State first contends that the court abused its discretion when it denied the motion for a continuance. We agree. Our courts have consistently held that a trial court ruling on a motion for a continuance will not be disturbed absent an abuse of discretion. As stated in *State v. Fortson,* 75 Wn.2d 57, 59, 448 P.2d 505 (1968):

> The granting or refusing of a continuance is within the discretion of the trial judge, and his decision will not be disturbed absent a showing that he has abused his discretion. The judge must not exercise his discretion arbitrarily; his denial of a continuance must be justified under the circumstances.

(Citations omitted.) The respondent has correctly noted the standard used in reviewing such discretionary decisions:

> Discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion.

*State v. Sutherland,* 3 Wn. App. 20, 21–22, 472 P.2d 584 (1970).

■ Nonetheless, the discretionary powers of a trial court are not limitless. As noted in *State v. Watson,* 69 Wn.2d 645, 650, 419 P.2d 789 (1966):

> Of course, the granting of continuances is a matter which should rest largely within the sound discretion of the trial court. However, reliance on the trial judge in this respect is not absolute and without some qualifications:
>
>> While the matter of granting continuances because of the absence of witnesses is largely within the sound discretion of the trial court, and, as a general proposition, its ruling will not be disturbed except in cases where manifest injustice has resulted, yet it is the duty of appellate courts to reverse such rulings in cases where a fair trial has been denied. *State v. Musselman,* 101 Wash. 330, 339, 172 Pac. 346 (1918).

Applying these standards to the case before us, we must conclude that the court did indeed abuse its discretion in denying the State's motion for continuance. The deputy

prosecuting attorney, admittedly inexperienced, relied upon defense counsel's memorandum in support of suppression to define the issue to be resolved, and examined his witnesses accordingly. Counsel for respondent similarly confined the questioning of the officers and the defendant. It was only after the testimonial phase of the hearing was completed and the State's witnesses excused, that the court raised and decided the issue of probable cause without allowing the State an opportunity to present its evidence. The defendant would not have been prejudiced by a continuance, but the denial of a continuance cost the State its opportunity to pursue a serious criminal charge.

In denying the motion, the court stated:

> Counsel, I'm going to grant the motion to suppress, for the reason the Court gives its decisions for it, and then one party moves in essence to reopen. I don't think that's fair.
>
> Had you made your motion before I indicated where in the record it was deficient, I very likely would have granted it. But I think it isn't a situation where this Court then should take sides by pointing out something to one side, and they make their motion, and the Court says, "Fine, I'll let you fill in the gaps.["] I'm going to grant the motion to suppress.

Under these circumstances, we do not believe that the court would have been "taking sides" by allowing the State to address the issue.[1] A trial court has an obligation to allow a party to present all competent evidence with reasonable limitations, particularly when the opposition would not be prejudiced. Given our disposition, the remaining issue raised by the State need not be addressed.

The orders suppressing the evidence and dismissing the

---

[1]In similar circumstances, we have held the trial court's suggestion regarding order of proof to be within its discretion. *State v. Jefferson,* 6 Wn. App. 678, 495 P.2d 696 (1972); *State v. Curry,* 13 Wn. App. 741, 537 P.2d 801 (1975).

525

action are vacated and the case is remanded to the Superior Court for further proceedings.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied December 16, 1981.