366 S.E.2d 647

**Michael D. THOMPSON, Prosecuting Attorney, Jefferson County, West Virginia**

v.

**Honorable Thomas W. STEPTOE, Jr., Judge of the Circuit Court of Jefferson County.**

**No. 18205.**

Supreme Court of Appeals of West Virginia.

Feb. 23, 1988.

---

Silas B. Taylor, Deputy Atty. Gen., J. Michael Cassell, Asst. Pros. Atty., Charleston, for petitioner.

Judith Jones, Public Defender Corp., Martinsburg, for Gary Wilson.

BROTHERTON, Justice:

The Jefferson County prosecutor, petitioner in this mandamus action, asks the Court to compel the respondent, Judge Steptoe, to reconsider his ruling on a motion to suppress a confession. The judge believes himself to be without authority to reopen a suppression hearing once an order to suppress the confession has been entered. For the reasons discussed below, we find that the trial court may reopen a suppression hearing when new or additional evidence warrants reconsideration of its ruling. We therefore grant the writ prayed for, and order the circuit court to hear the petitioner's motion to reconsider.

The defendant in this case, Gary Wilson, was charged with two counts of burglary and two counts of grand larceny. He made two statements to the police, one of which counsel sought to suppress prior to trial. The suppression motion cited general voluntariness concerns, but did not specifically mention drugs or intoxication. The respondent held a hearing on the motion July 20, 1987. At the suppression hearing, an inmate who had been in the holding cell with the defendant the night after his confession testified that Wilson seemed "out of it," and could not be awakened. The defendant testified that his companion, Judy Simpson, had been to her physician, Dr. Earl Allara, the day of the confession, and that Dr. Allara had given Judy Simpson a prescription for valium. Wilson testified that he had drunk a considerable amount of beer on the afternoon he gave the statement, and had ingested the entire bottle of valium (thirty or forty pills) that had been prescribed for Judy Simpson. He said he took the valium at approximately 2:00 p.m., prior to his confession at 4:09 p.m. Wilson said he remembered only the beginning of the interview, due to the effects of the drugs and alcohol. The prosecution had been unaware that the defendant's incapacity would be in issue, and presented no evidence to rebut the defendant's assertions other than the testimony of two troopers that the defendant appeared normal.

Based on the evidence presented at the hearing, the trial court granted the defendant's motion to suppress the statement. Judge Steptoe found that the evidence on the defendant's ability to understand and voluntarily waive his rights prior to giving the statement was equally split, and that the law therefore required the judge to conclude that the State had not met its burden of proof on the voluntariness issue.

Four days later, the State filed a motion to reconsider the court's ruling on suppression. The motion requested an opportunity to present evidence to rebut the defendant's claim that his confession was involuntary. At a hearing on the motion to reconsider, held July 29, 1987, the court clarified its ruling, stating specifically that the ruling was based on the intoxication issue, that the intoxication issue was not disclosed in the motion to suppress, and that there was newly discovered evidence which would have a substantial effect on the outcome of the motion. The court concluded, however, that there was no precedent for a motion to reconsider, and that

therefore the court lacked authority to reconsider its grant of suppression of the statement. Judge Steptoe then certified to this Court the question of whether he has the authority to entertain the motion to reconsider.[1]

Courts that have addressed the issue have concluded uniformly that a trial court has discretion to reconsider its ruling on a pretrial motion to suppress evidence in appropriate circumstances. The United States Court of Appeals for the District of Columbia Circuit summarized the law as follows:

> A pre-trial ruling on a motion to suppress does not bind the trial judge in all circumstances. New facts, new light on the credibility of government witnesses, or other matters appearing at trial may cast reasonable doubt on the pre-trial ruling. It then becomes the duty of the trial judge to consider de novo the issue of suppression and, if necessary, hold a hearing out of the presence of the jury.

*Rouse v. United States*, 359 F.2d 1014, 1015–16 (D.C.Cir.1966) (footnotes omitted). In *Rouse*, the trial judge had denied the defendant's motion to reconsider the admissibility of narcotics seized at the time of arrest. One of the arresting officers had changed significant testimony between the suppression hearing and trial. The appellate court found that this variance reasonably required a fresh determination of the suppression issue, and remanded the case for that purpose. 359 F.2d at 1016. *Cf.*

*Cogen v. United States*, 278 U.S. 221, 224, 49 S.Ct. 118, 119, 73 L.Ed. 275 (1929) (trial court may reconsider evidentiary motion denied prior to trial).

Similarly, while noting that the suppression issue should not ordinarily be relitigated at trial, the Fifth Circuit Court of Appeals observed in *United States v. Montos*, 421 F.2d 215, 220 (5th Cir.), *cert. denied*, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970): "If new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *See* also *State v. Senecal*, 145 Vt. 554, 497 A.2d 349, 353 (1985) (pretrial rulings on motions to reconsider and motions to suppress are tentative and subject to revision); *People v. Lewis*, 659 P.2d 676, 680 (Colo.1983) (substantial change in law is grounds for granting motion to reconsider ruling on suppression); *People v. Wagner*, 100 Ill.App.3d 1051, 56 Ill.Dec. 580, 581, 427 N.E.2d 985, 986 (1981) (state may introduce newly discovered evidence or evidence known but not introduced at reopened suppression hearing).[2]

The reasons cited by these courts are sound ones. Public policy and judicial economy favor correction of errors at the trial level, and therefore a timely motion to reconsider is appropriate. *People v. Wagner*, 56 Ill.Dec. at 581, 427 N.E.2d at 986. Similarly, it would be counterproductive to prevent the trial judge, who is responsible for the final judgment, from correcting an

---

1. The Court has since granted the State's motion to construe the petition as a petition for rule in mandamus. Although the trial court denied the motion to reconsider, the State proffered the evidence it expected to present, which included testimony by Dr. Allara and Judy Simpson that Ms. Simpson did not get a prescription for valium on the day in question, and the doctor's opinion about the effects of ingesting forty valium tablets. After this Court issued a rule to show cause, the respondent held a hearing January 9, 1988, at which the State called Dr. Allara, in order to vouch the record for this action. Dr. Allara testified that he had seen Judy Simpson on the day in question, and had prescribed a muscle relaxant and an appetite depressant, but had not prescribed valium. He also testified that, depending on the dosage, ingestion of forty valium tablets would have effects within one or two hours ranging from impaired speech and

thought, including inability to write a legible signature, to possible death.

2. Contrary to defendant's assertion, this ability to reconsider suppression rulings has not been confined to cases in which reopening would operate in the defendant's favor. *See, e.g., People v. Wagner*, 100 Ill.App.3d 1051, 56 Ill.Dec. 580, 581–82, 427 N.E.2d 985, 986–87 (1981) (affirming trial court's grant of prosecution's motion to reopen after grant of motion to suppress). The defendant has no protectable reliance interest in the court's interlocutory ruling, and to restrict reopening to one side would serve only to postpone correction of errors made in the defendant's favor. *Cf. United States v. Wilson*, 420 U.S. 332, 345, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975) (defendant has no legitimate claim to benefit from error of law when correction would not subject him to second trial).

error in the resolution of a pretrial motion. *People v. Lewis*, 659 P.2d at 679. Further, when the trial court rules on a pretrial motion to suppress, the legal basis of that ruling becomes the law of the case for purposes of the trial. *DiBella v. United States*, 369 U.S. 121, 127, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962). If it later becomes apparent that the denial was made on erroneous grounds, failure to correct the error only insures the necessity of a later appeal.

Most of these cases all concern reconsideration during trial of the case of a motion to suppress that was disposed of prior to trial. In the case before us, there is even less reason to withhold reconsideration, because trial has not yet begun.

This Court has not had occasion to address specifically the reconsideration of pretrial evidentiary rulings. It has, however, considered similar situations involving the ability of trial courts to reconsider significant pre- and post-trial rulings in the face of new facts or other considerations. In *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782, 798, 800 (1984), the Court held that a trial court may reconsider and reject an order accepting a plea bargain, provided the defendant has not served any portion of his sentence. In that case, a concerned citizen sought to prohibit implementation of plea bargains struck in a highly publicized case involving sexual assault by three police officers. The Court acknowledged that reconsideration was within the discretion of the trial judge even after oral acceptance of the plea agreements, saying "Should the special judge decide, upon further reflection or upon the receipt of additional information, that the agreements do not promote the public interest in the fair administration of justice, he has the authority to reject the agreements...." 173 W.Va. at 675, 319 S.E.2d at 800. *See also Sellers v. Broadwater*, 176 W.Va. 232, 342 S.E.2d 198 (1986).

This Court also has held that a trial court has authority to reconsider and set aside its prior order granting a defendant's motion for acquittal notwithstanding the jury's verdict of guilty. *State ex rel. Kincaid v.*

**3.** *Spillers* followed the general rule that a criminal court may set aside a judgment by an order entered during the same term of court, as long as it does not increase the penalty where the judgment has been wholly or partially satisfied.

*Spillers*, 165 W.Va. 380, 268 S.E.2d 137, 141–42 (1980).[3]

If a trial court can reopen proceedings after entry of an order deciding guilt or innocence, it has *a fortiori* the authority to reopen a hearing on a pretrial suppression issue, where warranted by an offer of new or additional facts. We conclude that a trial court has the authority to reconsider and set aside its prior order granting a defendant's motion to suppress a confession when presented with new or additional evidence that would have a substantial effect on the court's ruling.

Although the trial court found that the evidence offered was "newly discovered evidence," we do not deem it necessary to restrict our holding in that manner. If relevant evidence is offered, the trial court may, in its discretion, reopen the suppression hearing, regardless of whether the evidence is newly discovered or merely omitted at the initial proceeding.

For the reasons stated above, we grant the writ prayed for, and order the Circuit Court of Jefferson County to consider the petitioner's motion to reconsider.

Writ granted.

165 W.Va. at 387, 268 S.E.2d at 141. *See State ex rel. Roberts v. Tucker*, 143 W.Va. 114, 100 S.E.2d 550 (1957); *State ex rel. Williams v. Riffe*, 127 W.Va. 573, 34 S.E.2d 21, 23 (1945).