245 P.3d 739 (2011)
2011 UT 2
STATE of Utah, Plaintiff and Appellant,
v.
Gareth BOZUNG, Defendant and Appellee.
No. 20080480.
Supreme Court of Utah.
January 7, 2011.
*740 Mark L. Shurtleff, Att'y Gen., Karen A. Klucznik, Asst. Att'y Gen., Salt Lake City, for plaintiff.
Thomas H. Means, Margaret P. Lindsay, Douglas J. Thompson, Provo, for defendant.
DURHAM, Chief Justice:

INTRODUCTION
¶ 1 The State has appealed the dismissal of this case, challenging two pretrial rulings: the district court's grant of a motion to suppress the Defendant's confession because of an inadequate Miranda warning, and the denial of a motion to reopen the suppression issue to permit additional evidence. We hold that the district court erred when it relied on rule 24 of the Utah Rules of Criminal Procedure to deny the State's pretrial motion for a new hearing on the Defendant's Motion to Suppress. We clarify that rule 24 applies to posttrial motions for a new trial[1] and does not apply to pretrial evidentiary rulings. We hold that the district court had discretion to grant the State's motion, and therefore reverse its holding that it did not. Because we reverse on the rule 24 question, we do not reach the issue of whether the Defendant was adequately informed of and waived his Miranda rights, and therefore express no opinion as to whether, on remand, the district court should find that the Defendant understood his Miranda rights. If the district court allows a rehearing of the suppression issue, the new evidence presented by the State will presumably change the totality of the circumstances to be evaluated.

BACKGROUND
¶ 2 On March 9, 2007, Joshua Ruzicka was found dead from a drug overdose. The Defendant, Gareth Bozung, found Mr. Ruzicka and called police to report the death. Police from the Highland/Alpine Police Department spoke with Mr. Bozung at the scene but did not arrest him. In the weeks that followed, investigators were unable to locate Mr. Bozung to discuss the events leading up to Mr. Ruzicka's death. But on May 1, 2007, Lehi City police officers arrested Mr. Bozung on unrelated drug charges. It is asserted that the arresting officers advised Mr. Bozung of his Miranda rights at the time of his arrest.
¶ 3 While in custody of the Lehi Police Department, Mr. Bozung was interviewed by Detective Jacob Moosman of the Highland/Alpine Police Department about the events surrounding Mr. Ruzicka's death. According to the district court, "[t]he entire interview was visually and audibly recorded." The district court found that when Mr. Bozung entered the room for the interview, "he appeared distraught and concerned about unrelated family matters." Detective Moosman spoke briefly with Mr. Bozung about these matters and then said that it was necessary to review Mr. Bozung's Miranda rights before the pair spoke about Mr. Ruzicka's drug overdose. He explained that Mr. Bozung had a right to remain silent; Mr. Bozung responded that he understood that right. Detective Moosman then handed Mr. Bozung *741 a waiver of rights form and asked him to place his initials next to the sentence, "You have the right to remain silent." Mr. Bozung took the form and said "I can just read it, [a Lehi Police officer] just read me my rights." According to the district court, Mr. Bozung continued to talk about "matters unrelated to ... [his] constitutional rights" as he looked over and initialed the form.[2]
¶ 4 During the subsequent interview, Mr. Bozung confessed that he sold heroin to Mr. Ruzicka on the night of his death. He also completed a witness statement form on which he wrote his version of the events of the day of Mr. Ruzicka's death. Mr. Bozung later moved to suppress his oral and written statements, asserting that he had not been adequately advised of his right against self-incrimination or his right to the assistance of counsel prior to questioning. In an oral ruling, the district court granted Mr. Bozung's motion to suppress. In its subsequent written ruling, the district court explained that it was not persuaded that Mr. Bozung had been adequately advised of his Miranda rights before or during the interview with Detective Moosman, or that he had knowingly waived these rights.
¶ 5 Two days after the district court's oral ruling, but before final judgment was entered in this case, the State moved to reopen the suppression motion in order to present evidence from the Lehi police officers who arrested Mr. Bozung prior to his interview with Detective Moosman. The district court denied the motion. In doing so, the court relied upon rule 24 of the Utah Rules of Criminal Procedure and held that it had no discretion to reopen the suppression hearing absent newly discovered evidence. The State filed a motion to dismiss, which the district court granted. The State then appealed to this Court from the order of dismissal.[3]
¶ 6 We have jurisdiction under Utah Code section 78A-3-102(3)(i) (Supp.2010).

STANDARD OF REVIEW
¶ 7 The issue of whether rule 24 precluded rehearing presents "`a question of law that we review for correctness.'" State v. Rodrigues, 2009 UT 62, ¶ 11, 218 P.3d 610 (quoting Brown v. Glover, 2000 UT 89, ¶ 15, 16 P.3d 540).[4]

ANALYSIS
¶ 8 The district court erred when it relied on rule 24 of the Utah Rules of Criminal Procedure to deny the State's pretrial motion to reopen the Defendant's motion to suppress. The court's error is understandable in view of some of the case law on this question, and we take this opportunity to clarify that rule 24 applies to posttrial motions for new trials.[5] District courts have discretion to determine whether to grant pretrial motions to rehear an evidentiary matter, and should generally use this discretion liberally to allow the whole case to be presented. Determinations regarding rehearings must be made in light of the totality of the circumstances, and should include consideration of multiple factors that will be discussed later in this opinion. The factors discussed are not exclusive, however, and others may be relevant to the exercise of the district court's discretion.

*742 I. RULE 24 APPLIES TO POSTTRIAL MOTIONS (OR BY ANALOGY TO SOME SITUATIONS WHERE A TRIAL IS PRECLUDED) AND IS NOT APPLICABLE TO PRETRIAL MOTIONS TO REHEAR EVIDENTIARY MATTERS
¶ 9 Rule 24 states that "[t]he court may, upon motion of a party or upon its own initiative, grant a new trial in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party." Utah R.Crim. P. 24(a) (emphasis added). By its plain language, rule 24 applies to posttrial motions for a new trial. Its intended application is also clear both from its sequential position in the rules (it comes after the rules dealing with judgment and sentencing) and from the fact that the time for filing is tied to entry of sentence, which is always a posttrial event.
¶ 10 Reliance on the rule by analogy may be appropriate in some circumstances where a ruling has occurred prior to trial that necessarily precludes trial. A pretrial evidentiary ruling, however, does not preclude trial in and of itself, and rule 24 is therefore irrelevant (regardless of whether such a ruling may convince one party to drop a case). For example, the court of appeals has applied rule 24 in the context of a final dismissal of charges after a preliminary hearing, holding that a request to reconsider that ruling had to comply with rule 24's timing requirements. State v. Johnson, 782 P.2d 533, 533 (Utah Ct.App.1989) (applying rule 24 after treating the dismissal of charges following a preliminary hearing as equivalent to resolution on the merits). Additionally, a dismissal without trial made pursuant to rule 25 of the Utah Rules of Criminal Procedure could be challenged by means of a rule 24 motion for a new trial. See Utah R.Crim. P. 25. Such treatment would be analogous to motions we allow for a new trial made pursuant to Utah Rule of Civil Procedure 59 in the context of summary judgments. Interstate Land Corp. v. Patterson, 797 P.2d 1101, 1105 (Utah Ct.App.1990) (calling a motion for a "new" trial made pursuant to rule 59 after a summary judgment "procedurally correct."); Moon Lake Elec. Ass'n v. Ultrasystems W. Constructors, Inc., 767 P.2d 125, 127 (Utah Ct.App.1988) (same). But with respect to pretrial evidentiary rulings in both civil and criminal cases, trial courts retain broad discretion to review, revise, and reconsider their conclusions at any time prior to final judgment.[6]
¶ 11 In this case, two days after the district court orally ordered the suppression of the Defendant's oral and written statements, the State moved to reopen the suppression hearing to present testimony from the Lehi police officers who arrested Mr. Bozung prior to his interview with Detective Moosman. No trial had occurred before the State's motion; therefore, rule 24 was not applicable.

II. THE DISTRICT COURT'S DISCRETION TO GRANT PRETRIAL MOTIONS TO REHEAR EVIDENTIARY MATTERS SHOULD GENERALLY BE EXERCISED LIBERALLY TO ALLOW THE WHOLE CASE TO BE PRESENTED
¶ 12 The district court has discretion to determine whether or not to grant pretrial motions to rehear evidentiary matters. See Tschaggeny v. Milbank Ins. Co., 2007 UT 37, ¶ 15, 163 P.3d 615 ("Because trial courts are under no obligation to consider motions for reconsideration, any decision to address or not to address the merits of such a motion is highly discretionary."); see also State v. Simoneau, 2003 VT 83, ¶ 37, 176 Vt. 15, 833 A.2d 1280, 1290 (2003) ("The trial *743 court has broad discretion in deciding whether to reopen the evidence in connection with a criminal pretrial motion and to reconsider its pretrial order."). Indeed, we have long held that "[a] motion to reopen a case for the purpose of introducing further evidence is addressed to the sound discretion of the court," and that such discretion should generally "be liberally exercised in behalf of allowing the whole case to be presented." Wasatch Oil Ref. Co. v. Wade, 92 Utah 50, 63 P.2d 1070, 1075 (1936). Affording the district court discretion in determining whether to approve pretrial motions to rehear evidentiary matters also "protects society's interest in ensuring a complete proceeding where the court considers all relevant, constitutionally obtained evidence." United States v. Ozuna, 561 F.3d 728, 735 (7th Cir.2009); see also United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984) ("`[S]ociety's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration.'" (quoting United States v. Regilio, 669 F.2d 1169, 1177 (7th Cir.1981))). However, the discretion of the court in approving pretrial motions to rehear evidentiary matters "may not be exercised in a capricious and arbitrary manner which produces an inequitable or unjust result." Gardner v. Christensen, 622 P.2d 782, 784 (Utah 1980).
¶ 13 In this case, the district court found that, absent newly discovered evidence, it lacked any discretion to revisit its previous decision to suppress Mr. Bozung's statement to Detective Moosman. This was error first because rule 24 did not govern the motion, and second because trial courts have broad discretion to review pretrial evidentiary rulings. Further, we note that the evidence to be presented upon the rehearing of an evidentiary matter need not be newly discovered. Ozuna, 561 F.3d at 735 ("[A] district court may, in its discretion, reopen a suppression hearing even where the evidence was previously available."); United States v. Dickerson, 166 F.3d 667, 679 (4th Cir.1999), rev'd on other grounds, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ("[T]hat evidence was available to the movant prior to the suppression hearing does not, as a matter of law, defeat a motion for reconsideration in a criminal case."); Thompson v. Steptoe, 179 W.Va. 199, 366 S.E.2d 647, 650 (1988) ("If relevant evidence is offered, the trial court may, in its discretion, reopen the suppression hearing, regardless of whether the evidence is newly discovered or merely omitted at the initial proceeding.").

III. A DISTRICT COURT'S DETERMINATION OF WHETHER OR NOT TO GRANT A PRETRIAL MOTION TO REHEAR AN EVIDENTIARY MATTER SHOULD BE MADE IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES AND INCLUDE CONSIDERATION OF ANY RELEVANT NONEXCLUSIVE FACTORS
¶ 14 To assist the trial court in the exercise of its discretion, we identify two principles to which trial courts should refer in determining whether to revisit pretrial evidentiary matters.
¶ 15 First, a district court's decision on a pretrial motion to rehear an evidentiary matter should be made in light of the totality of the circumstances. See United States v. Odeh (In re Terrorist Bombings of U.S. Embassies in E. Afr.), 552 F.3d 177, 197 (2d Cir.2008) ("[A] district court should be permitted, in the exercise of its discretion and in light of the totality of the circumstances, to determine whether its suppression ruling should stand."). Making a determination in light of the totality of the circumstances "protects society's interest in ensuring a complete proceeding." United States v. Ozuna, 561 F.3d 728, 735 (7th Cir.2009).
¶ 16 Second, the determination of whether or not to grant a pretrial motion to rehear an evidentiary matter should include consideration of any of the nonexclusive factors described below, or others that may be relevant to a specific case. Courts in other jurisdictions have found these factors helpful in determining whether to revisit pretrial evidentiary matters, and we agree with their reasoning. The district court has discretion to choose which factors to consider, but should take into account the facts and context of the case in making this determination.
*744 ¶ 17 The district court may consider the following factors, along with others not mentioned that are relevant in a given case:
 The reason the proposed evidence was not produced at the first hearing. See Commonwealth v. Branch, [292 Pa.Super. 425] 437 A.2d 748, 751 (Pa.Super.Ct.1981) ("[T]his court has ... permitted the reopening of a suppression hearing record in order to permit the introduction of evidence inadvertently omitted by the prosecution.").
 "[W]hether [an] omission was deliberate or accidental, grossly negligent or merely careless." United States v. Roberts, 978 F.2d 17, 23 (1st Cir.1992) ("[R]andom negligence, while not to be condoned, is less blameworthy than purposeful misconduct" (internal quotation marks omitted)); see also Stewart v. State, [151 Md.App. 425] 827 A.2d 850, 873 (Md.Ct. Spec.App.2003) ("[T]he State [did not] deliberately withhold evidence in order to present it at a later time.").
 Whether the proposed evidence was lawfully obtained. See United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984) ("[I]f the record reveals matters which indicate that the evidence was lawfully obtained, the district court may reconsider its suppression order at trial.").
 Whether the proposed evidence will have a "substantial effect" on the court's ruling. Thompson v. Steptoe, [179 W.Va. 199] 366 S.E.2d 647, 650 (W.Va.1988); see also State v. Ellis, 491 So.2d 1296, 1296-97 (Fla.Dist.Ct.App.1986) (holding that the evidence sought to be admitted "would have impacted upon the decision of the trial court and was crucial to the state's argument" and that "the ends of justice may best be served by the admission of crucial evidence").
 Whether permitting the evidence will unfairly prejudice the party against whom it is being offered. See Rabb, 752 F.2d at 1323 (finding that there was no indication of prejudice to the Defendant and holding that "the district court did not abuse its discretion by reconsidering its suppression order").
 The experience of the prosecutor. See State v. James, [30 Wash.App. 520] 635 P.2d 1102, 1104 (Wash.Ct.App.1981) (finding that an inexperienced prosecutor "relied upon defense counsel's memorandum... to define the issue to be resolved" and only later did the court raise another critical issue "without allowing the State ... to present its evidence.").
 The nature of the case. Roberts, 978 F.2d at 21-22 (stating that there is "a strong public interest in adjudicating felony cases on the merits" and that "the graver the crimes, the greater the insult to societal interests if the charges are dropped" (internal quotation marks omitted)). And whether "`serious grounds arise as to the correctness of the [pretrial] ruling.'" State v. Simoneau, [176 Vt. 15] 833 A.2d 1280, 1291 (Vt.2003) (quoting State v. Tongue, [170 Vt. 409] 753 A.2d 359 [356] (Vt.2000)).
 The timeliness of the motion. See Roberts, 978 F.2d at 22 ("The length of a [litigant]'s delay is often a key factor in deciding whether to permit a pleading to be filed out of time. The longer a litigant [delays], the less incentive exists for a court to reconsider.").
 The court's "strong interest in controlling its docket and avoiding piecemeal litigation." United States v. Dickerson, 166 F.3d 667, 679 (4th Cir.1999), rev'd on other grounds, 530 U.S. 428 [120 S.Ct. 2326, 147 L.Ed.2d 405] (2000); see also Roberts, 978 F.2d at 23 ("[T]here is no evidence that delayed consideration of the suppression motion's merits would have burdened judicial resources or interfered with the court's administration of its docket.").

CONCLUSION
¶ 18 The district court erred when it relied on rule 24 of the Utah Rules of Criminal Procedure to deny the State's pretrial motion for a rehearing on the Defendant's motion to suppress, because rule 24 is not applicable to a pretrial evidentiary ruling. The district court had broad discretion to determine whether or not to grant the State's motion to rehear the Defendant's suppression motion. *745 On remand, the district court should consider the totality of the circumstances and any of the nonexclusive factors discussed in this opinion. We reverse and remand for a new consideration of the motion to reopen the suppression hearing.
¶ 19 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Judge KENNEDY concur in Chief Justice DURHAM's opinion.
¶ 20 Justice WILKINS does not participate herein; District Judge JOHN PAUL KENNEDY sat.
NOTES
[1] Rule 24 may also apply by analogy to some situations where a trial is necessarily precluded. See infra ¶ 10.
[2] A copy of the recording of Mr. Bozung's interactions with Detective Moosman is part of the record on appeal; we have reviewed it.
[3] The State moved to dismiss "because this Court's ... suppression ruling has substantially impaired the state's case against the Defendant." The State's appeal addresses the suppression-related rulings.
[4] Both parties have suggested that we apply a plain error standard in reviewing the district court's reliance on rule 24 to deny the State's motion to reopen the suppression hearing. We do not consider issues raised "`for the first time on appeal unless the [district] court committed plain error or exceptional circumstances exist.'" State v. Pinder, 2005 UT 15, ¶ 45, 114 P.3d 551 (quoting State v. Nelson-Waggoner, 2004 UT 29, ¶ 16, 94 P.3d 186). In this case, however, the issue of whether or not to reopen the Defendant's pretrial suppression motion was clearly raised in the district court, so the plain error standard does not apply.
[5] It also may apply by analogy to some situations where a trial is necessarily precluded. See infra ¶ 10.
[6] In State v. Gardner, this court applied rule 24 to a motion to reconsider a suppression ruling. 2001 UT 41, ¶ 7, 23 P.3d 1043. In that case, however, the motion, although originally filed prior to judgment, was not decided until after the entry of sentence. Id. ¶ 8 (noting that the defendant's motion for reconsideration was filed on the day of sentencing).

We further construe defendant's amended motion, which bears the same date as the judgment, sentence, and commitment, as a motion filed in response to the imposition of sentence. A motion under rule 24(c) of the Utah Rules of Criminal Procedure must be brought within ten days after imposition of sentence.
Id. (emphasis omitted). Thus, Gardner does not stand for the proposition that rule 24 applies to evidentiary rulings in a pretrial context.